MARY A. MIDDLETON *v.* CHARLES DUFFY and wife NANCY.

Objection, for irregularity in the service of original process should be made in the first instance: *Therefore*, it is error for the Court to set aside proceedings against a defendant, who had appeared and overlooked such irregularity for two or three terms.

This was a MOTION to amend the return of a sheriff, heard before *Clarke, J.*, at the Spring Term, 1874, of the Superior Court of ONSLOW county.

The following are the substantial facts as they appeared upon the hearing in the Court below, and which are certified to this Court by the Judge presiding, the counsel for the parties litigant being unable to agree upon a statement of the case.

The motion was based upon certain affidavits as to the service of the original summons in the case, and upon the summons itself and docket entries made in the progress of the cause. The summons was returnable to Fall Term, 1872, Onslow Superior Court. The sheriff had made thereon the following endorsement : "Received September 23d, 1872, served September 23d, 1872, upon Charles and Nancy C. Duffy only." That when the summons came into the hands of the sheriff on the 23d day of September, 1872, the summons was against Charles Duffy, Nancy C. Duffy and C. Stephens.

Upon the return of the summons to Fall Term, 1872, the plaintiff struck out the name of C. Stephens, from the writ. No other summons had been issued after the one hereinbefore mentioned as returnable to Fall Term, 1872. Upon the reading of the affidavits filed by defendants, and hearing of the case, the sheriff was required to amend his return, which was done as follows : "Received September 23d, 1872 ; served September 23d, 1872, upon Charles and Nancy Duffy only, by leaving a copy at their home with Miss Lucy Duffy, daughter of Charles and Nancy Duffy, and by stating to them the same

day that "I had left it there," which they both acknowledged as sufficient service.

Nancy Duffy then moved to have her name stricken from the case, as she had never appeared thereto by attorney or otherwise, and there never had been any personal service of the summons upon her by the sheriff; and that two terms of the Court had passed without the plaintiff's taking out any other process against her ; and that his failure so to do, worked a discontinuance of the suit.

His Honor allowed the motion, whereupon the plaintiff appealed.

*Battle & Son*, with whom was *Hubbard*, for appellant, submitted.

If there be any irregularity or defect in mesne process, the defendant should take advantage of it before he has appeared, and when the service of the writ is irregular, but the defendant on receiving notice of the declaration says, "it is all right; I will call and settle the debt and costs," the irregularity is waived. Tidd's Practice, 513.

A paper improperly served should be promptly returned with a statement of the reasons for so doing. *Wilkie* v. *Gilman*, 13 Howard, 225. See also *McGowan* v. *Leavenworth*, 3 Code Rep., 151.

Irregularties in the manner of service like all other mere irregularities are waived by retaining the paper served or acting upon it. See *Georgia Lumber Co.* v. *Strong*, 3 Howard, 246; see also *Hunter* v. *Lester*, 10 Abb., 263 ; *Myers* v. *Overton*, 2 Abb., 344.

*Empie*, contra.

Both husband and wife were necessary parties to the action, as the relief sought was asked out of the separate estate of the wife, and the summons must be served upon her. *Eckerson* v. *Vollmer*, 11 Howard, page 42; and *Rowland* v. *Perry*, vol.

64, N. C. Rep., 578, and authorities there cited. Section 82, C. C. P., directs that the summons by which an action shall be commenced, shall be served by delivering a copy thereof as follows:

1. If the suit be against a corporation, to the President, &c.

2. If against a minor, to him and also to his father, &c.

3. If against an insane person, to his committee.

4. In all other cases, to the defendant personally.

In this case there was no service of the summons personally upon the defendant Nancy Duffy. Service means serving the defendant with a copy of the process, and showing him the original, if he desires it. *Alderson B. Googs* v. *Huntington*, 12 M. & W., 502; *Williams* v. *Van Valkenburgh*, 16 Howard, page 152.

Section 89, of the C. C. P., directs that the proof of the service of the summons, must be:

1. By the certificate of the sheriff or other proper officer.

2. In case of publication, the affidavit of the printer, or his foreman, or principal clerk, showing the same, and an affidavit of a deposit of a copy of the summons in the post-office as required by law, if the same shall have been deposited; or

3. The written admission of the defendant.

The acknowledgement of the defendant, *verbally*, is not a sufficient service. Where the proof of service is an admission by the defendant, the admission must be in writing verified and identified, so as to satisfy the Court that the admission is signed by the defendant or with his assent; there is no legal fiction by which the Court is presumed to know the signature of a party defendant who has not appeared in the cause. 2 Hill, 369; *Litchfield* v. *Burwell*, 5 Howard, 342; *Welsh* v. *Walker*, 4 Porter, 120; *Norwood* v. *Riddle*, 4 Porter, 926.

The summons in this case issued returnable to the Fall Term, 1872. Motion was made at Spring Term, 1874, to have the name of Nancy Duffy stricken from the case. No other summons had been issued except the one returnable to Fall Term,

1872. Where process is executed against one of the defendants only, and not run out against the other, this will amount to a discontinuance of the suit. *Fullbright* v. *Tritt*, 2 Dev. & Batt., 491; *Hanna* v. *Ingram*, 8 Jones, 55; *Governor* v. *Welsh*, 3 Iredell, 249.

SETTLE, J. The application to set aside proceedings for irregularity should be made as early as possible, or as it is commonly said, in the first instance; and when there has been any irregularity, if the party overlook it and take subsequent steps in the cause, he cannot afterwards revert back to the irregularity and object to it. 1 Tidd Pr. 513.

The use of a summons is to bring a party into Court, but if a defendant sees proper to appear without a summons, or upon a defective summons, he thereby waives all irregularity in that respect.

Here, it appears from the record, that the defendants, at the return term, notwithstanding the return of the summons by the sheriff, endorsed " too late to hand," applied to the Court and obtained an order to take the deposition of one Rhodes to be read in evidence on the trial of the cause. However, as a second summons was issued returnable to Fall Term, 1872, and on it the sheriff returned " served on Charles and Nancy C. Duffy only," and the record at that term shows that the defendants appeared by attorney. At Spring Term, 1873, the record shows that the defendants appeared by counsel and obtained from the Court further time to file their answers.

At Spring Term, 1874, Nancy C. Duffy moved the Court to strike her name from the action on the ground that there had been no personal service of the summons upon her.

Affidavits were then filed on both sides, but they all establish the fact that the sheriff, after leaving copies of the summons at the house of the defendants, with their daughter, in the morning, met the defendants, later in the day, returning home, when he informed them what he had done, and proposed to step from their gate to their house, fifty yards distant,

and get the summons and serve it personally on Mrs. Murphy, when she said he need not take that trouble, as she would accept it as a good service. So, from 1872 to 1874, we hear no complaint of the summons, but at each term of the Court the parties "take subsequent steps in the cause." Upon these facts we think the order of his Honor was erroneous.

Let this be certified, &c.

PER CURIAM.                                  Order reversed.