## FIRST NATIONAL BANK OF CHARLOTTE v. J. R. WILSON and Sample & Alexander.

*Process—Service of Summons—Jurisdiction—Motion.*

1. Personal service of a copy of the summons on a defendant, or his written admission thereof, is necessary to constitute a case in court. A copy left with defendant's wife is not a legal service, and proof of its delivery to him by her, or of his recognition of, or verbal assent thereto, will not make it sufficient. C. C. P., § 89.

2. The refusal of a judge to grant a motion for want of jurisdiction, is no bar to an entertainment of the motion by a judge having jurisdiction.

(*Middleton* v. *Duffy*, 73 N. C., 72; *Howes* v. *Mauney*, 66 N. C., 218, cited and approved.)

MOTION by defendant Wilson to set aside a judgment, heard at Spring Term, 1878, of MECKLENBURG Superior Court, before *Cox, J.*

The facts are embodied in the opinion delivered by Mr.

Justice DILLARD.   The court below vacated the judgment as to Wilson, and the plaintiff appealed.

*Messrs. R. Barringer* and *Shipp & Bailey,* for plaintiff.
*Messrs. Wilson & Son,* for defendant.

DILLARD, J.   This suit was brought to spring term, 1876, of Mecklenburg superior court and a summons issued to the sheriff of Cabarrus county for defendant, J. R. Wilson, was returned endorsed, "Executed 9th May, 1876, by leaving a copy of the summons with the wife of J. R. Wilson," and at the return term, no appearance being entered by the defendants, judgment by default was taken against all of them for the amount of the note declared on.

The defendant Wilson afterwards, to-wit, on the 23d of March, 1878, moved before His Honor, Judge *Schenck* to vacate the said judgment and His Honor refused the motion, and in his order suggested that Hon. William R. Cox, then holding the courts of the districts of which Mecklenburg formed a part, was the judge having jurisdiction, and accordingly a new notice was given of a motion before *Cox, J.,* and at spring term, 1878, the papers presented to Judge *Schenck,* were laid before Judge *Cox* with some additional affidavits.

His Honor, Judge *Cox,* on consideration of said motion found as facts that the service on J. R. Wilson was by leaving a copy of the summons with his wife, and that there was no personal service on said Wilson, and thereupon adjudged that the judgment by default be vacated and set aside as to J. R. Wilson, and from the judgment the plaintiff appeals to this court.

At the time of the institution of this suit there were three methods of bringing a party into court—one by service of summons by the sheriff, one by written admission of the party, and the other by publication of the summons.   C. C.

P., § 89. In the case of a service by the sheriff, it was prescribed that the service should be by delivering a copy of the summons to the defendant personally, and leaving it with him. C. C. P., § 8 (4). This requirement of a delivery of a copy of the summons by the sheriff to the defendant was designed to give him an authentic and fair notice of the commencement of the action and the nature thereof, and to afford him an opportunity to concert and make his defence; and in order to avoid all mistake and surprise on the part of the defendant as to the time and place, when and where he was expected to appear, the statute definitely required that the copy be delivered to the defendant personally.

This is the only method, other than that by publication, of bringing a party into court against his will, and it is essential that it be strictly observed to constitute the case in court and bring the person of the defendant within the jurisdiction of the court, and nothing will supply the place of personal service except the voluntary appearance of the defendant to the action. C. C. P., § 90. From the provisions of the Code we are of opinion that the service of the summons by leaving a copy with the wife of J. R. Wilson was not legal service, and that the court did not thereby acquire jurisdiction to proceed to judgment against him, unless it be that the return of the sheriff may be helped out by proof of the delivery of the copy by the wife to him, and of his verbal recognition of and assent to the service.

Can proof of the delivery of the copy by the wife to J. R. Wilson and of his recognition and verbal assent, make the service sufficient? It is certainly not within the words of the section requiring a personal service by the sheriff, and from the express enactment that voluntary appearance of the party should be equivalent to personal service it manifestly excludes the delivery of the copy by the wife as sufficient, even if proved to have been delivered; and it is equally manifest that no verbal admission of service or

assent to the service as made, will ·be a service within the provision which excludes any admission of service except it be in writing. C. C. P., § 89, (3). .

Under the New York Code, of which our Code in this respect is a copy, the delivery of a copy to a person other than the defendant is never regarded as equivalent to personal service, although the party receiving it may hand it to the person for whom it was intended, the defect being a question of jurisdiction and not of regularity. *Williams* v. *Vanvalkenburg*, 16 How., 144. And this ruling would seem to be correct, inasmuch as there is a provision of the Code in which it is enacted· that from the service of a summons the court is deemed to have acquired jurisdiction. C. C. P., § 90. So we think under our Code even if the wife handed the copy left by the sheriff, to her husband, his knowledge therefrom of the action begun was not sufficient to constitute the case in court, nor was his verbal assent to recognize it as a service such an admission as is contemplated by the Code, § 89, (4):

In our state there has not been any decision upon the point of the sufficiency of merely verbal recognition of, and assent to, a copy left with a third person. But in the case of *Middleton* v. *Duffy*, 73 N. C., 72, the service was as in this case by leaving copies for defendants with their daughter, and on the motion to vacate, it was shown by affidavits that on same day the sheriff saw the parties near their house and offered to go and get the copies and deliver them, when the feme defendant said she would accept the service as sufficient; the court overruled the motion to vacate, and in their opinion put the decision on the ground that there had been an appearance in the cause and steps taken therein for several years. So we take the expression in this case, whilst it does not decide the point expressly, to be an authority against the sufficiency of the service on J. R. Wilson. We conclude, therefore, there was no service sufficient to constitute the

cause in court as to J. R. Wilson, according to the true intent and meaning of the Code, and we think the service required was designed to cut off the very state of things we have in this case. Here we have the sheriff making oath that Wilson assented to the service, and Wilson on his oath denying any such assent, and the Code in its requirement of personal service or admission in writing, made such service a prerequisite to any subsequent proceedings in the cause.

It is claimed by the plaintiff that the refusal of Judge *Schenck* to vacate the judgment was *res adjudicata*, and concluded the parties, and therefore it was error in Judge *Cox* to entertain the motion involving the same matter and to set aside the judgment as to Wilson. We think there is nothing in this, for it appears from the order of Judge *Schenck* refusing to vacate, that he so adjudged from a want of jurisdiction, as Judge *Cox* assigned to the district of which Mecklenburg was a part, was then in the district holding the courts, and such being the fact the refusal to vacate on that ground was no bar to an entertainment of the motion by Judge *Cox*. *Howes* v. *Mauney*, 66 N. C., 218; Acts 1876–'77, ch. 223.

We concur in the opinion of His Honor, Judge *Cox*, that the service as made on Wilson was not a legal service and therefore it was irregular and contrary to the course of the court to enter judgment by default; and we hold there was no necessity to find the facts touching the verbal assent of Wilson to the service, as the same if found would not have brought him within the jurisdiction of the court.

No error. Affirmed.