J. NICHOLSON, County Treasurer, v. J. H. COX, Sheriff, and others.

*Married  Woman—Service of Summons.*

1. The acceptance of service of summons by a married woman gives the court jurisdiction of the person, and authorizes further proceedings according to the course and practice of the court.

2. Since the act suspending the code, it is not necessary that written acceptance of service endorsed on a summons returnable to a term of court should state the *time* or *place* of such service.

(*Allen* v. *Shields*, 72 N. C., 504; *Moore* v. *Gidney*, 75 N. C., 34, cited and approved.)

NICHOLSON. *v.* COX.

MOTION under section 133 of the Code to set aside a judgment, heard at Spring Term, 1880, of PERQUIMANS Superior Court, before *Graves, J.*

The facts in the case are sufficiently stated by Mr. Justice DILLARD in delivering the opinion of this court. The feme defendant, Mrs. Jordan, appealed from the judgment below.

*Mr. J. W. Albertson,* for plaintiff.
*Messrs. Pruden & Shaw,* for defendant.

DILLARD, J. The defendant, M. I. Jordan, wife of A. S. Jordan, and her husband, became sureties to the bond of Cox as sheriff, and the execution of the bond by the wife was without the written assent of her husband, and the sheriff having made default in not paying over the county taxes to the plaintiff as treasurer, a suit was instituted and the summons was returned into court with an admission of service endorsed thereon, subscribed by Jordan and his wife in their proper handwritings. The suit went to judgment by default and thereupon the defendant M. I. Jordan moved to vacate the judgment as to herself under section 133 of the code, on the ground of irregularity alleged to consist in the manner of the service of the summons, and upon the ground of surprise and excusable neglect.

His Honor ruled against the ground of irregularity and in favor of the defendant, the *feme covert,* on the ground of surprise and excusable neglect, and from that judgment both sides appeal, the defendant assigning error, in that, His Honor held the acceptance of service of the summons by her as legally sufficient to constitute the cause in court as to her.

Upon the defendant's appeal the questions are : Can a married woman admit or accept service in writing of a summons by which an action is commenced, and if she can, then is her acceptance in this particular case legally suffi-

cient to authorize the court to proceed to judgment thereon. It is argued that an infant cannot accept service of a summons, but that the same must be served personally, in all cases where the infant is without a general or testamentary guardian, and upon the same reason the summons must be served on a married woman. An infant cannot accept or admit service, for the reason that when without a general guardian no proceedings can be had without a guardian appointed *ad litem*, and no such guardian can be appointed by a court except in conformity to our statute, which, as construed by this court, is mandatory, that such appointment can only be made after personal service. Bat. Rev., ch. 17, § 59; *Allen* v. *Shields*, 72 N. C., 504; *Moore* v. *Gidney*, 75 N. C., 34.

Infancy is a disability and extends to all stages of a suit, including admission of service or acceptance of service as a mode of initiating a suit, as well as all ulterior steps in the course of the same, and this proceeds on the theory to prevent fraud. No such reason exists now to hold the admission or acceptance of service of a summons by a married woman as inoperative. She has now the capacity to have and hold her real and personal property, owned at the marriage, as well as her acquisitions during the coverture, as a separate estate, and is competent to contract so as to affect her property within certain limits, under the constitution of 1868 (Art. X, § 6) and under the marriage act, chapter 69 of Battle's Revisal. And a *feme covert* is answerable out of her own estate for her debts and other causes of action before the marriage as well as on the contracts she is authorized to make during the marriage, and in suits to enforce that liability, while it is required that the husband be joined, she is expressly made competent by section fifteen of the marriage act, *supra*, to represent herself, if she will, as a *feme sole*, or with her consent to be represented by her husband.

The ability to defend an action being thus conferred, no good reason can be suggested as it seems to us, why her enlarged capacity in this respect should not be held to extend to any and all things usual and admissible to constitute a cause in court, such as appearing without summons, or the admission and acceptance of the service of a summons, as in the case of all other persons *sui juris.*

It is our opinion therefore that the acceptance of service of the summons by a married woman will suffice to give the court jurisdiction of the person and authorize further proceedings according to the course and practice of the court.

But it is said that although the acceptance of service may in general be sufficient, the acceptance in this particular case was ineffectual for the reason that the statute requires that the certificate or admission of service, in all cases other than service by publication, shall state the time and place of the service, whereas no such statement accompanies the acceptance of service endorsed on the summons in this action. See Bat. Rev., ch. 17, § 88.

In our opinion that requirement has no application to a suit brought returnable to term. Formerly, when all actions were returnable in the clerk's office, the party sued was required to appear within a certain number of days exclusive of the day of service, in no case to be less than twenty days, with one day added for every twenty-five miles distance between the court house of the county in which the service was made, and the court house of the county at which the party was required to appear. Bat. Rev., ch. 17, §§ 73, 74. Then it was material, and still is in special proceedings, to state the time and place of service so that the day of appearance may by computation be ascertained; but now by the act suspending the code (acts 1868–'69, ch. 76) the direction is, that in the cases cognizable at term, the sheriff shall summon the party to the next ensuing term of

the superior court, and shall serve the writ ten days before the term to which the same is returnable. This act operates a repeal of the requisition in the code that the time and place of service be stated, as it is now in such cases not necessary in order to fix the appearance-day, the writ, of which the service is accepted, being on its face returnable to term, and the acceptance, although not dated, implying a service for the required number of days before the return day, leaving of course the provision of the code still in force as to all writs used to begin special proceedings.

We hold, therefore, that the action was well constituted in court by the acceptance of service of the summons by the feme-defendant M. I. Jordan and her husband, and that the proceeding to judgment therein was according to the course and practice of the court, and is not open to the objection of irregularity. The judgment of the court below holding the acceptance of service sufficient is affirmed, and this will be certified.

No error.                                                    Affirmed.