N. H. GODWIN et al. v. HINTON MONDS et al.

*Irregular Service of Summons—Service in Another County—*
*Acceptance of Service.*

Where a summons issuing from the Superior Court of one county is
    served by an officer of such county on the defendant in another
    county, the defendant at the time stating to the officer that he
    would accept service, and to mark the summons served, which the
    officer did: *Held*, that such service was irregular, and a judgment
    rendered thereon will be set aside.

This was a motion to set aside a judgment rendered at
May Term, 1888, of CUMBERLAND Superior Court, heard
before *MacRae, J.*, at December (Special) Term, 1889, of said
Court.

The facts found by the Court were as follows:

"This motion to set aside judgment rendered herein at
May Term, 1888, coming on to be heard, and being heard,
the Court finds the following facts:

"That the summons herein was returnable to May Term,
1888, and was served on the defendants M. W. and K. E.
Barefoot by the Deputy Sheriff of Cumberland County; that
when said service was made these defendants were in the
county of Harnett; that the said deputy told them of this,
and stated that he would send the summons back, and that
the Sheriff of Harnett County would serve it on them; that
the said defendants said that it was not necessary, and told
the deputy to mark it served, and that they would accept
service in that way; that they would be at Cumberland
Court, and that they were looking for this suit and would
be there; that said deputy returned the summons as duly
served; there was no written acceptance of service; and this
was all that passed between the said defendants and the
deputy; that thereafter the said defendants employed coun-

sel to defend their interests in this case, and paid him a fee, and that said counsel promised to keep them informed in all respects and to defend their interests; that thereupon they left this matter entirely in the hands of their counsel, who was a non-resident of Cumberland County; that defendant M. W. Barefoot and the said attorney were present at May Term, 1888, of said Court, and left before the judgment was taken; that a verified complaint was filed on the second day of said term; that the defendants were ignorant men, not versed in the law, and gave themselves no further concern about the case, because said attorney had promised to keep them fully informed on all necessary points; that no answer or bond was filed, nor does it appear that the attorney entered any appearance whatever; that defendants had no notice of the judgment until August, 1888.

"That, upon an examination of the affidavits and exhibits, the defendants have apparently a meritorious defence. The Court adjudged that no proper service was made on the said defendants, and that the service does not appear to have been waived by the appearance of defendants or their counsel; that the neglect of said defendants, if there was any neglect, was excusable, and the judgment a surprise to them; that the judgment as to M. W. Barefoot and K. E. Barefoot be set aside, a sufficient bond, in the sum of five hundred dollars, having been given in October, 1888, conditioned upon payment to plaintiffs of any sum which they may recover of said defendants for rents, future or past, damages or costs in this action.

"The restraining order heretofore granted shall be continued, and the plaintiffs, their agents or attorneys, are forbidden to do any act in connection with the land, the subject of the controversy in this action, that will injure or annoy the defendants during the pendency of this suit.

"The defendants M. W. Barefoot and K. E. Barefoot are allowed until Monday, the first day of the January Term,

106—29

1890, to file their answer and defence bond, after which the action will stand for trial upon the docket of this Court."

The plaintiffs excepted and appealed.

*Messrs. T. H. Sutton, W. E. Murchison* and *N. W. Ray,* for plaintiffs.

*Messrs. H. McD. Robinson* and *R. P. Buxton,* for defendants.

MERRIMON, C. J.: To say the least, the judgment set aside in this action was irregular and voidable. The summons therein was not served upon the defendants by an officer in a way required, authorized or recognized by law, nor did the defendants voluntarily go into Court and subject themselves to its jurisdiction. The Sheriff of the county of Cumberland had no authority in cases like this to serve process outside of that county. Hence, what his deputy said to the defendants in the county of Harnett, and they said to him, as to the summons, went for naught; this did not make service of the summons at all, in contemplation of law, and the defendants were not bound to take notice of and act upon it as defendants in the action. Their merely verbal "acceptance" of service was too uncertain, indefinite and imperfect to serve the purposes of the law. Parties can be compelled to come into Court only in the way prescribed by law. They might have "accepted" service in writing, and this would have been treated as "the written admission of" service as contemplated by the statute (*The Code,* § 228, par. 3). *Bank* v. *Wilson,* 80 N. C., 200; *Nicholson* v. *Cox,* 83 N. C., 44. Service admitted in writing is sufficient. The defendant in that case will not be allowed to deny that he has been served with process, and the writing makes a permanent memorial of the fact as part of the record. It is necessary that the evidence of the service of process shall be stable and permanent.

The return of the Sheriff by his deputy, that he had served the summons, was not conclusive. It was competent for the defendants to show, as they did, that there had not been lawful service; and when the Court found the fact, it not only had authority to do so, but it was its duty to set the judgment aside because of irregularity, as it did do. It might have been questioned whether the Court could detain the defendants in Court, but they did not except and appeal, and no question in that respect is before us.

There is no error. The judgment was proper. To the end, that further proceedings may be had in the action according to law, let this opinion be certified to the Superior Court.

No error.