[No. 3928.   Decided July 18, 1901.]

# HARRY KRUTZ, *Appellant, v.* LUCIE ISAACS *et al., Respondents.*

ACTION FOR QUIETING TITLE—LIMITATIONS.

Under Bal. Code, §§ 5500, 5501, whch provide that in an action for the recovery of the possession of real estate the plaintiff may have judgment quieting or removing a cloud from plaintiff's title, but that such action, where possession has been taken under execution sale, shall be brought within seven years next after possession being taken as aforesaid, and that when the possessor shall acquire title after taking such possession "the limitation shall begin to run from the time of acquiring title," the statute of limitations would not begin to run against plaintiff until his actual ouster and the taking possession of the premises by defendants, where possession was not taken until some time subsequent to the sheriff's sale.

SAME.

Where an action is brought under Bal. Code, §§ 5500, 5501, both for possession and the quieting of title, the limitation upon such actions of seven years specially provided therein governs instead of Bal. Code, § 4797, subd. 1, which fixes the limitation period at ten years in "actions for the recovery of real property, or for the possession thereof."

JUDGMENTS—INVALIDITY—REMEDY FOR SALE UNDER VOID JUDGMENT.

The remedy of the grantee of a judgment debtor, whose land has been sold under a void judgment against his grantor, is not by bringing proceedings to vacate the judgment under Bal. Code, § 5153 *et seq.*, but is governed by Id., § 5500 *et seq.*, which authorize actions to recover possession of real estate and to quiet title thereto.

SAME—FAILURE TO SERVE PROCESS—CONCLUSIVENESS OF SHERIFF'S RETURN.

In an action for equitable relief against a judgment which had been rendered without the court's having acquired jurisdiction of defendant's person because of a failure to properly serve him with process, the return of the sheriff that he made such service by leaving a copy with a person of suitable age at the residence of defendant is subject to attack upon the question of residence, since a sheriff's return is conclusive only as to matters peculiarly within his own knowledge.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Reversed.

*C. B. & W. H. Upton,* for appellant.

*Thomas & Huffman,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by the appellant against respondents to recover possession of certain real estate situated in Walla Walla county, and also to remove a cloud therefrom, and to quiet appellant's title. The complaint alleges, in substance: That on the 19th day of May, 1894, one Williams was the owner of said land and in the possession thereof, and that on said day, for a valuable consideration, he conveyed the same by warranty deed to plaintiff and put plaintiff in exclusive possession of the whole thereof. That plaintiff ever since has been, and now is, the owner of said land, and entitled to the immediate and exclusive possession of the whole thereof. That said deed was duly recorded on the 24th day of May, 1894. That on the 2d day of October, 1893, one Henry P. Isaacs filed a complaint in the superior court of Walla Walla county against said Williams, in which he prayed for judgment for money only. That no service of any summons under said complaint was ever made, either actually or constructively, or at all, upon said Williams, and he at no time had any knowledge or notice of the pendency of said action, or of any of the proceedings therein. That said Williams never appeared or gave notice of appearance in said action, either in person or by attorney, and said court never acquired jurisdiction of his person, or of the subject matter of said action, or of said land. That all of said facts were at all the times mentioned well known to said Isaacs and to all the defendants. That, neverthe-

less, the then sheriff of said county made in said action the two returns following, to-wit:

"I, C. C. Gose, sheriff of Walla Walla county, Washington, do hereby certify that I served the within summons on the within named defendant F. L. Williams, in Walla Walla county, Washington, on the 11th day of October, 1893, by then and there delivering to and leaving with L. D. Robertson, at the house of F. L. Williams' usual place of abode, he being a person of suitable age and discretion, then resident therein, a copy of said summons duly certified to be such true copy by B. L. Sharpstein, one of the attorneys for plaintiff, and at the same time and place with said copy of said summons I delivered to and left with the said L. D. Robertson, personally, a true copy of the complaint in said action, duly certified to be such copy by B. L. Sharpstein, one of the attorneys for plaintiff, to the said defendant not being found after diligent search."

"I, C. C. Gose, sheriff of Walla Walla county, state of Washington, hereby certify that I served the within summons on the within named defendant F. L. Williams in Walla Walla county, state of Washington, on the 11th day of October, 1893, by then and there delivering to L. D. Robertson at the house of the said F. L. Williams' usual abode in said county of Walla Walla, the said F. D. Robertson being a suitable person over the age of 21 years, a true copy of said summons, duly certified to be such true copy by B. L. Sharpstein, one of the attorneys for the plaintiff, and at the same time and place with said copy of said summons I delivered to the said L. D. Robertson, a person of suitable age and discretion at the house of the usual place of abode of the said defendant, in said county, personally, with said copy of said summons, a true copy of the complaint in said action duly certified to be such copy, by B. L. Sharpstein, one of the attorneys for the plaintiff, the said defendant not being found after diligent search."

That each and both of said returns were erroneous and false, in this, to-wit: That the place where said sheriff delivered to said Robertson copies of said summons and complaint was not the house or usual place of abode of

said Williams, but was the house and abode of said Robertson only; that said Williams never did at any time abide at said house where said copies were delivered as aforesaid, but on said 11th day of October, 1893, and at the time of said alleged service of said summons and complaint, and for a long time prior and subsequent thereto, said Williams was absent from the state of Washington, and had his house and his usual abode without said state; that said Robertson was not a suitable person in the premises, in that he did not reside at, and was never present at, the usual place of abode of said Williams. That, notwithstanding the premises, on November 6, 1893, said court, by the procurement of said Isaacs and his attorneys, purported to make, and entered in its journal, a certain order wherein said court purported to adjudge that said Isaacs have and recover from said Williams in the action aforesaid the sum of $487.87, together with attorney's fees and costs. That on October 7, 1897, a writ of execution issued from said court on said pretended judgment, and was levied on said land, and thereafter, on the 6th day of November, 1897, the sheriff of said county, by alleged authority of said writ, purported to sell said land to said Isaacs for the sum of $771.40, credited on said pretended judgment, and afterwards said sheriff issued to said Isaacs his deed as such sheriff, wherein and whereby he purported to convey said land to said Isaacs. That afterwards, and prior to the commencement of this action, said Isaacs, claiming under said sheriff's deed, unlawfully and forcibly entered upon and took possession of said land, and the whole thereof, and unlawfully and forcibly ousted and ejected the plaintiff therefrom, and until his death continued unlawfully and forcibly to hold possession of said land, and withhold the same from plaintiff. That said Henry P. Isaacs died intestate on the 14th day of July, 1900; that the defendant

Lucie Isaacs is the widow, and the other defendants are the children, respectively, of said Henry P. Isaacs, and that said defendants are the sole heirs of said Henry P. Isaacs, and are in possession of said land, and still continue to unlawfully and forcibly hold possession thereof, claiming to own the same under said sheriff's deed, and refuse to deliver possession to plaintiff, although possession has frequently been demanded. It is further alleged that administration upon the estate of said Henry P. Isaacs is now pending, and that certain of the defendants are the duly qualified and acting administrators thereof; and, further, that neither plaintiff nor said Williams had any knowledge or notice of the matters alleged prior to May 20, 1894, or prior to the delivery of said sheriff's deed to said Isaacs after the sale in 1897. The complaint concludes with a prayer for judgment awarding plaintiff possession of said land, and adjudging said writs, returns, pretended judgment, and sheriff's deed, and every claim asserted by defendants as aforesaid, to be a cloud upon plaintiff's title to said land, and removing all said clouds, and adjudging plaintiff to be the sole owner of said land. To said complaint the defendants interposed a demurrer upon the following grounds: (1) That the court has no jurisdiction of the subject matter of the action; (2) that said action has not been commenced within the time limited by law; (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was, by the court, sustained, to which ruling plaintiff excepted. The plaintiff elected to stand upon his complaint, and declined to further plead. Thereupon judgment dismissing the action and for costs against the plaintiff was entered. From said judgment plaintiff has appealed.

This action is brought under §5500, Bal. Code, which provides that in an action for the recovery of the possession

of real estate the plaintiff "may have judgment in such action quieting or removing the cloud from plaintiff's title." In effect this provision existed in territorial days, but the statute was enlarged in 1890. The territorial court interpreted the former statute in *Smith v. Wingard,* 3 Wash. T. 291, 298 (13 Pac. 717), as follows:

"The action therein contemplated is the common law action of ejectment, with the added incident of determining in the action the paramount legal or equitable title, and with the departure of permitting the action to be brought against one not in possession, but who claims title to or interest in the land."

To the same effect is the decision of this court in *Reichenbach v. Washington, etc., Ry. Co.,* 10 Wash. 357 (38 Pac. 1126). Section 5501, Bal. Code, provides as follows:

"All actions brought for the recovery of any lands, tenements or hereditaments of which any person may be possessed by actual, open and notorious possession for seven successive years, having a connected title in law or equity deducible of record from this state or the United States, or from any public officer, or other person authorized by the laws of this state to sell such land for the non-payment of taxes, or from any sheriff, marshal or other person authorized to sell such land on execution or under any order, judgment or decree of any court of record, shall be brought within seven years next after possession being taken as aforesaid, but when the possessor shall acquire title after taking such possession, the limitation shall begin to run from the time of acquiring title."

The complaint in this case shows that the sheriff's sale under which respondents claim title was made November 6, 1897, but that the actual ouster of appellant and the taking possession by respondents' ancestor occurred after that time. The statute of limitation, under the provisions of the above quoted section, did not, therefore, begin to run until possession was taken by respondents or their

ancestor, which was some time after November 6, 1897. This action was begun in November, 1900, and is not, therefore, barred by the statute. It is suggested in argument by appellant's counsel that the general statute of limitation as found in subd. 1 of § 4797, Bal. Code, may apply here. The language of that section is, "Actions for the recovery of real property, or for the recovery of possession thereof," and the limitation period is fixed at ten years. The subject under consideration in that section seems to be merely that of the recovery of possession. But § 5500, Bal. Code, cited above, provides for more than the mere recovery of possession, viz. the removal of a cloud and the quieting of title to the land in controversy. In *Smith v. Wingard, supra,* the court declared the primary object of the law to be to determine the question of title to the land. At page 298 of the opinion in that case, written by Mr. Justice TURNER, it is said:

"While the primary object of the law as we find it in this chapter is to determine the question of title to the land, that question is to arise, we think, in litigation about the possession of the land."

If the determination of the question of title is the primary object of this law, we then have § 5501, Bal. Code, cited above, fixing the limitation for actions brought thereunder. That section is found in chapter 11, p. 20, § 1, of the Session Laws of 1893, and is entitled: "An act to quiet possessions and confirm titles to land." The subject matter of each statute relates to the quieting of title to lands. The last named section hereinbefore quoted recognizes the possessor's claim of title as an essential factor in determining when the statute begins to run, since it provides that, if the title under which he claims is acquired after he comes into possession, the statute shall begin to run from the time the title is acquired, and not

from the time he goes into possession. We, therefore, think the limitation period of seven years, as fixed under § 5501, applies here. It has been held that a suit by the owner of the fee in possession to determine an adverse claim to or interest in real property, or to remove a cloud from the title thereof, cannot be barred by the statute of limitations while the adverse claim or cloud exists, because the right to have the same removed is a continuing right. See *Meier v. Kelly,* 22 Ore. 136 (29 Pac. 265). In 12 Am. & Eng. Enc. Law, p. 606, the rule is stated that lapse of time forms no bar to a bill to quiet title by a complainant in possession, but when the plaintiff is out of possession the defense of laches is available, for the reason that if his right to maintain an action of ejectment is barred by the statute of limitations, a court of equity will not grant a decree quieting his title, such relief being without value when the plaintiff cannot recover possession under the title. The statute invoked here provides for relief of both a legal and an equitable nature, viz., possession and the quieting of title,—a new and combined remedy, created by the legislature; and it was evidently the intent of the legislature that, when these questions are involved together as rights sought to be enforced by one not in possession, they must be at rest after the lapse of seven years. The contention of respondents is that appellant should have commenced this action within one year from the rendition of the judgment in favor of Isaacs and against Williams, and they invoke the provisions of §§ 5153 *et seq.,* Bal. Code, which relate to proceedings for the vacation and modification of judgments. We do not think those provisions are applicable to this case, for the reason that the action is brought to recover possession of real estate and to quiet title thereto. The Isaacs judgment may be an incident to be considered in determining the controversy, but the complaint shows

that at the time the sale was made under that judgment, and for a long time prior thereto, appellant was in possession of the land. He was not only in possession, but was the holder of the fee simple title by deed from Williams. The most that can be said in favor of respondents is that appellant was the owner and in possession, subject to whatever rights Isaacs had under his judgment. If, under the theory of the complaint, the judgment was void, it constituted no more than a cloud upon appellant's title; and, since he was in possession, under the rule above stated, he was not required by lapse of time to bring an action to remove a mere cloud. He was not a party to the action in which the judgment against Williams was rendered, and the procedure under the statute for the vacation of judgments evidently contemplates that the petition shall at least ordinarily be by one who is a party to the record. Appellant could not compel Williams to move against the judgment, and it is doubtful if appellant, being a stranger to the record, would have been heard to do so himself. Again, it is provided by the statute that, when the petition is by a defendant, it must show facts constituting a defense to the action. Possibly Williams may have had no defense to the subject matter of the action, and in that event neither he nor appellant could have complied with the statute by showing the existence of such defense. But the case presented by the complaint is that of an attack upon an execution sale, which it is claimed was attempted to be made under a void judgment. If the judgment was void, there was in fact no judgment, and, whether Williams had or had not a defense to the subject matter of the action, he had a right to convey the land at a time when there was no judgment, and appellant, as a grantee in possession, was not chargeable with any duty to move for the vacation of a void judgment. When, however, he found himself

ousted of possession through an attempted sale under the alleged void judgment, he was subject to the statute of limitation above discussed, and had seven years within which to bring his action for possession and to remove the alleged cloud under which respondents claim to hold. Does the complaint state other facts sufficient to constitute a cause of action? Its averments show that appellant was ousted of the possession of land which he owned, and that respondents' claim of right is based upon an execution sale. It is alleged that there was never any service of summons upon the judgment debtor in the action wherein the judgment was rendered under which the execution issued, and that the judgment debtor had no knowledge of the pendency of the action. Certain returns of the officer, showing the manner of attempted service, are set out in full in the complaint. If there was no legal service of summons, it needs no argument to show that the judgment rendered was void, and that all proceedings thereunder were without force and effect. The manner of service certified by the officer was by leaving a copy of the summons and complaint with a person of suitable age at the usual place of defendant's abode,—a service declared by statute to be sufficient upon which to found a personal judgment. The complaint negatives the fact that the place where summons was left was the defendant's usual place of abode, and alleges that he never at any time resided at said place, and that his usual place of abode at that time, and for a long time prior thereto, was without the state of Washington,—all of which facts, it is alleged, were well known to the plaintiff in that action; but that the plaintiff, knowing these facts to be true, procured the said returns to be made, and afterwards procured said judgment to be entered on the strength of said returns. Under these circumstances respondents contend that the officer's return must be taken

as conclusive, and that it cannot be attacked. The rule as to the conclusiveness of the officer's return is subject to limitations. As stated in 22 Am. & Eng. Enc. Law, p. 198:

"There is another limitation arising in the distinction to be made between facts which are presumed to be peculiarly within the knowledge of the officer, and such as are not. Thus, he is presumed to know best the time, place, and manner of service, but not all other facts stated in his return."

Numerous authorities are cited in support of the above statement in the text. The case of *Bond v. Wilson,* 8 Kan. 228 (12 Am. Rep. 466), is there cited, and the reason of the rule is stated in the course of the opinion in that case. The court, at pages 230 and 231 of the opinion, says:

"In the systems of practice adopted in this country, the safeguards being removed, it has become necessary to adapt the rule to the altered condition of the law. The sheriff not only executes original process by service upon the defendant personally, but by leaving a copy at his usual place of residence. The sheriff also determines whether a minor is over fourteen years of age, and serves accordingly. He also determines who is president, mayor, chairman, or chief officer of a board of directors; and also what is the usual place of business of a corporation, and who has charge thereof, and serves his process accordingly. Is his determination of such questions final? Must the defendant suffer the judgment to stand in such cases, and resort to his remedy against the officer? . . . We find upon examination that the courts have generally held the sheriff's return on *mesne* and *final* process conclusive between the parties and privies, though this is by no means a rule of universal application; but that in cases of *original process* there has been a general disposition to let in the truth. . . . we know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation, or where their place of business is; and

when the statute made it the duty of the sheriff to ascertain these facts it did not make his return of such facts *conclusive*. Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive."

To the same effect are the following cases: *Crosby v. Farmer,* 39 Minn. 305 (40 N. W. 71) ; *Randall v. Collins,* 58 Tex. 231; *Nietert v. Trentman,* 104 Ind. 390 (4 N. E. 306) ; *Grady v. Gosline,* 48 Ohio St. 665 (29 N. E. 768) ; *Godwin v. Monds,* 106 N. C. 448 (10 S. E. 1044) ; *O'Conner v. Wilson,* 57 Ill. 226; *Rape v. Heaton,* 9 Wis. 328 (76 Am. Dec. 269) ; *Dobson v. Pearce,* 62 Am. Dec. 158, note.

This is an attack upon the judgment and all proceedings thereunder. If respondents hold any title to the land, it is derived from the judgment and sale thereunder. Appellant has brought his action as authorized by statute, and seeks what may be termed both legal and equitable relief. That which may be said to appeal to the equity side of the court relates to the alleged cloud upon his title, created by the said judgment. We think, therefore, that the remedy sought here comes within that outlined in § 495, of 2 Freeman on Judgments (4th ed.). It is there stated as follows:

"A judgment pronounced without service of process, actual or constructive, and without the defendant's knowing that a court has been asked to adjudicate upon his rights, is regarded with such disfavor at law that a variety of motions, writs, and proceedings are there provided to overthrow it; and in many courts it is at all times and upon all occasions liable to be entirely disregarded upon having its jurisdictional infirmity exposed. But proceedings in equity are peculiarly appropriate for the exposure of this infirmity. They permit of the formation of issues

upon the question of service of process, and of the trial of those issues, after full opportunity has been given to those who seek to sustain, as well as to those who seek to avoid, the judgment. If, at such trial, it satisfactorily appears that the defendant was not summoned, and had no notice of the suit, a sufficient excuse is shown for his neglect to defend, and equity will not allow the judgment, if unjust, to be used against him, no matter what jurisdictional recitals it contains."

We think, therefore, that the demurrer to this complaint should be overruled, and an opportunity given appellant to submit evidence, under the averments of his complaint, as to the facts concerning service of summons in the former action.

The judgment is reversed, and the cause remanded, with instructions to the court below to overrule the demurrer.

REAVIS, C. J., and ANDERS, MOUNT and WHITE, JJ., concur.