CHARLIE FLOWERS v. LEWIS- KING.

(Filed 16 October, 1907).

1. **Process—Service—Wrong Party—Judgment by Default—Remedy—Practice.**

The defendant was' ejected from a piece of land by virtue of final process issued on a judgment by default, the original process having been served on a different man of the same name; the real defendant never entered an appearance, and had no knowledge of the pending action until the service of the writ of possession upon him: *Held* (1), the judgment is absolutely void, (2) and may be set aside, on motion of defendant, or treated as a nullity.

2. **Same—Merits.**

When it is made to appear that the judgment against defendant is void by reason of an entire lack of jurisdiction of the party, he is entitled to have it set aside without proof or suggestion of merit.

MOTION to set aside judgment, heard before *Jones, J.,* and a jury, at April Term, 1907, of the Superior Court of WAYNE County.

The judgment was set aside and order made restoring defendant to possession of the real estate from which he had been ousted, and plaintiff excepted and appealed.

*Aycock & Daniels* and *Isaac F. Dortch* for plaintiff.
*Stevens, Beasley & Weeks* for defendant.

HOKE, J., after stating the case: It appears from the facts found by the Judge on the hearing that defendant has been ejected from a piece of land by virtue of final process of the court, issued on a judgment by default in the present cause, the original process having been served on a different man of the same name as the defendant. In regard to service on defendant, the Court finds the facts to be as follows: "The Court finds that the summons in this action had never been served upon the real defendant, Lewis King, a negro, and the said

Lewis King has never entered an appearance in said suit, either in person or by attorney, and had no knowledge of the pending action until the writ of possession was served upon him." On these facts it is well established with us that the judgment against the defendant is absolutely void, and may be set aside on motion of defendant, or treated as a nullity when and wherever the entire lack of jurisdiction is made to appear. *Card v. Finch,* 142 N. C., 140; *Carter v. Roundtree,* 109 N. C., 29; *Doyle v. Brown,* 72 N. C., 393; *Copper Co. v. Martin,* 70 N. C., 300; Black on Judgments, sec. 307. It is urged that the judgment should not be set aside, because the affidavits have failed to disclose any facts which would enable the defendant to make a valid defense against the plaintiff's demand. This is usually required before a court will disturb an irregular judgment. As said in *Beclon v. Dunn,* 137 N. C., 559-562, speaking of irregular judgments: "The authorities are all to the effect that an irregular judgment may be set aside at a subsequent term, independent of section 274 of The Code. *Wolfe v. Davis,* 74 N. C., 597. This is not done as a matter of absolute right in the party litigant, but rests in the sound legal discretion of the Court. It is always required that a party claiming to be injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time." But no such requirement exists when the judgment is void by reason of an entire lack of jurisdiction of the party. In that case the judgment is a nullity, and the party affected is entitled to have same set aside whenever such fact is made to appear, and without proof or suggestion of merits. Black on Judgments, sec. 348, citing *Dobbin v. McNamara,* 113 Ind., 54; *Roberts v. Pawley,* 50 S. C., 913.

The doctrine of the text is fully supported by the authorities cited, and is in accord with the principles established by our own decisions.

There is no error, and the judgment of the court below is

Affirmed.