ADA STOCKS v. JOSEPH LEE STOCKS.

(Filed 3 March, 1920.)

**1. Actions—Service—Summons—Judgments—Independent Action.**

Where, upon appeal from a demurrer to the complaint in an independent action to set aside a judgment for want of service of summons, it appears of record that the summons had not been served, the action will be sustained, for it is subject to collateral attack; otherwise it will not be, for then the remedy is by motion in the original cause.

**2. Same—Fraud.**

Where there are allegations in the complaint sufficient to establish the fact that a judgment sought to be set aside in an independent action was procured by the fraud of defendant, a demurrer thereto is bad, for the remedy is not by motion in the original cause.

**3. Same—Evidence.**

The complaint in this suit alleged, in effect, that the plaintiff had her dower laid off in the lands of her deceased husband, in which the defendant, her son, was properly represented, and thereafter the son, without the service of summons upon her, instituted an independent proceeding to annul the judgment, and falsely represented to her that the action had been withdrawn, and that she should not further consider it, and in consequence, and through his false representation, obtained a judgment in his favor, destroying her dower right: *Held*, sufficient for her to maintain an independent action to set aside the former judgment upon the issue of fraud, and also under our statute to remove the former judgment as a cloud upon her title. Rev., 1589.

CIVIL ACTION, heard by *Connor, J.,* on demurrer to the complaint, at January Term, 1920, of PITT.

This action was brought to set aside a judgment entered at August Term, 1914, of the Superior Court of Pitt County, in a case entitled "Joseph Lee Stocks v. Ada Stocks," which judgment was taken by default, and purports to vacate and set aside a certain proceeding in which dower was allotted to Ada Stocks, the plaintiff therein.

On 21 January, 1887, one Jesse A. Stocks executed to Redding S. Stocks, his son, a deed for twenty-five (25) acres of land in Pitt County,

N. C., the portion of said deed necessary to present the question of construction raised in this case being as follows:                    :

"To have and to hold the same to him, the said Redding S. Stocks, during his natural life, and then to his bodily heirs, if there be any at his decease, and if there be none, then to the lawful heirs of the said Jesse A. Stocks. I, the said Jesse A. Stocks, do by these presents agree to warrant and defend the right and title of the aforesaid land to the said Redding S. Stocks, and his heirs forever, against the lawful claims of any person whatsoever."

Redding S. Stocks died and left him surviving one child, Jos. L. Stocks, the defendant in this action, and a widow, Ada Stocks, the plaintiff herein.

Shortly after the death of Redding S. Stocks, to wit, on 4 July, 1907, his widow, Ada Stocks, commenced a proceeding before the clerk of the Superior Court of Pitt County (which is referred to in the complaint filed in this cause), in which she asked that dower be assigned to her in the lands conveyed by Jesse A. Stocks to her husband, Redding S. Stocks, and covered by the deed above referred to; and in that proceeding it appears that the defendant, Joseph L. Stocks, who was at that time a minor, was regularly made a party defendant.

It further appears from the complaint that Jos. L. Stocks was represented in the dower proceedings by a guardian *ad litem,* and that the guardian *ad litem* filed an answer, on behalf of the said Jos. L. Stocks, his ward, in which he admitted that Ada Stocks, widow of Redding S. Stocks, was entitled to dower in the 25 acres of land conveyed to Redding S. Stocks in the deed referred to and made a part of the complaint in this cause.

It also appears that dower was assigned to Ada Stocks, the widow, in said proceedings by commissioners appointed for that purpose; that a report was filed by them allotting the dower, which was confirmed, and no exception was taken to the report by Jos. L. Stocks through his guardian *ad litem,* or in any other way, and that the judgment therein still is unreversed.

Plaintiff alleges in her complaint, among other things, that after dower had been allotted to plaintiff, as above set out, and after plaintiff had taken possession and the use and benefit of it, the defendant, Joseph L. Stocks, on 7 August, 1914, brought an action in the Superior Court of Pitt County for the unlawful and wicked purpose of defrauding plaintiff of her right of dower and her dower in the land above described. That the summons purports to be returnable to 24 August, 1914, but that no summons was ever served upon plaintiff in this case, and the defendant in that case, that notwithstanding the fact the summons was never served upon the plaintiff in this action, who was the defendant in

that action, there was a judgment entered at August term of court purporting to deprive plaintiff of her dower in the tract of land herein described, and adjudging Joseph Lee Stocks to be the owner in fee of the same, and entitled to the immediate possession of the same, which judgment was recorded in the clerk's office of Pitt County.

The plaintiff further alleges that she was never served with process of any kind in the second suit, which was just described, and that she was informed that some sort of proceeding had been brought against her, when she spoke to Joseph Lee Stocks about it, and he falsely, and with intent to deceive and defraud her, stated to her that there was nothing in it, that she could not be hurt as there was a proceeding commenced, but it had been withdrawn, but nothing had been done, or nothing would be done to prejudice her right, and finally, that "She need not bother herself any more about it." That as Joseph Lee Stocks was her son, she relied upon what he had said, as it was natural for her to do, and did not therefore give it any other thought or concern until a few months ago, when her son, Joseph Lee Stocks, took unlawful possession of the dower land against her will, and asserted title to it under what purports to be a judgment in the proceeding, which he told her did not exist, and had actually caused it to be adjudged that her husband, Redding S. Stocks, had only a life estate in the tract of land from which her dower was set off, when in fact he had a fee simple. That in the alleged proceeding, under which the defendant claimed his right to the possession of the land, it was not alleged that the former proceeding for dower was fraudulent, and no ground, either legal or equitable, was stated for setting aside the judgment therein.

The plaintiff prayed that the pretended judgment in Joseph Lee Stocks v. Ada Stocks be declared void and of no effect, and that the first proceeding, allotting her dower, be declared valid and in full force, and that she have immediate possession of her dower, which she acquired by and under the same. The defendant demurred, because the complaint does not state a cause of action for these reasons:

1. The deed executed by Jesse A. Stocks to Redding S. Stocks, attached to the complaint herein filed, and under which the plaintiff claims dower interest when properly construed, conveys to Redding S. Stocks, husband of plaintiff, a life estate only in said land.

2. That Redding S. Stocks, owning under said deed a life estate only, at the death of the said Redding S. Stocks the land described in the complaint vested absolutely in the defendant, the only child of the said Redding S. Stocks.

Wherefore, defendant demands that this action be dismissed, and that he recover his cost.

The court overruled the demurrer, and defendant appealed.

*P. R. Hines and Julius Brown for plaintiff.*
*F. C. Harding and L. W. Gaylor for defendant.*

WALKER, J., after stating the facts as above: This case naturally divides itself into three propositions:

1. It does not distinctly appear from the complaint in this action whether the fact, which is alleged herein—that no summons or other process was served on the defendant in the second of the three actions, it being the one which was brought to set aside the judgment in the dower suit—is shown on the face of the record in that case. Where it appears that summons has been served, when in fact it has not been, the remedy is by motion in the cause to set set aside the judgment, and not by an independent civil action, but when it appears on the record that it has not been served, the judgment is open to collateral attack. *Doyle v. Brown,* 72 N. C., 393; *Whitehurst v. Transportation Co.,* 109 N. C., 342; *Carter v. Rountree, ibid.,* 29; *Rutherford v. Ray,* 147 N. C., 253; *Rackley v. Roberts,* 147 N. C., 201; *Bailey v. Hopkins,* 152 N. C., 748; *Hargrove v. Wilson,* 148 N. C., 439; *Glisson v. Glisson,* 153 N. C., 185; *Barefoot v. Musselwhite, ibid.,* 208. There is an inadvertent expression in *Doyle v. Brown, supra,* at page 366, where it is said: "But the defendant's error is misunderstanding the scope of the action. It is an action in the nature of a bill in equity to vacate the said decree." The mistake is in calling it "an action," when in fact is was but a motion in the cause, as will appear from the record, and the statement of the case, which begins with these words, "Motion to set aside a decree," etc. With this correction the case is in perfect harmony with all the other decisions of this Court upon the subject. But this point is not so material, as there are other allegations, in this complaint, which confer jurisdiction of the case, and, too, it may hereafter appear that the record of the other does show that there was no service on, or appearance, or pleading by, the defendant in that case, who is plaintiff in this.

2. The plaintiff alleges that the judgment in the second action, which was brought to set aside the dower proceedings, was procured by fraud, which is set out in the complaint, the gist of it being that the defendant in this suit deceived her by a false statement to the effect that, while the action had been started, it had been wholly abandoned and withdrawn; that she need pay no attention to it, or give herself any anxiety concerning it, as she could not be harmed by it in the least, and thereby lulled her into a sense of security; that believing she was ignorant of what he was doing, or unconscious of what was going on at his instigation, he proceeded further in the action and finally obtained what purported to be a judgment, which he procured to be docketed, and afterwards entered upon the dower land and claimed the possession and ownership of it

under and by virtue of this false and fraudulent judgment. So that the judgment in the second action, and the proceedings leading up to it are attacked, and asked to be set aside for the fraud practiced upon her. This equity can be set up in an independent action, as is done here. *Hargrove v. Wilson,* and cases *supra.*

3. But there also are sufficient allegations to show that the judgment and the proceedings in that second action rest, as a cloud, upon the plaintiff's title to her dower, and her equity, or right to have it removed, and the true right, or title, determined and adjudicated, can also be asserted in a separate and independent action. *Hargrove v. Wilson,* 148 N. C., 439; *Bailey v. Hopkins,* 152 N. C., 748; *Rackley v. Roberts, supra.* It is elementary learning that a decree of a court having jurisdiction in a proceeding, in all respects regular on its face as to parties, cannot be attacked collaterally. It may be successfully impeached for fraud in an independent action brought for the purpose, when sufficient allegations of fraud are made and issues framed upon such allegations are submitted to a jury, and the fraud is established by the verdict. *Hargrove v. Wilson,* 148 N. C., 439, 440, and cases cited. A judgment, if invalid, would be such a cloud on the title, or such a direct menace to it, as to fall within the provisions of Revisal of 1905, sec. 1589, and Public Laws of 1893, as amended by Public Laws of 1903, ch. 763. These acts being remedial in their nature, should have a liberal construction in order to execute fully the legislative intention and will. *Christman v. Hilliard,* 167 N. C., 4.

It is not necessary to construe the deed of Jesse A. Stocks to Redding S. Stocks at this time, as defendant is estopped by the judgment in the dower suit to question plaintiff's title to the dower land, if that judgment stands. *Gay v. Stancell,* 76 N. C., 369. We will therefore wait until the validity of the judgment is determined before deciding that question, as it may never again arise.

Our conclusion is that the demurrer was properly overruled. The defendant will be allowed to answer the complaint. When all the facts are disclosed, upon the trial of the issues between the parties, the aspect of the case may be changed from what it now is, and other principles may have to be invoked. They do not arise at present, and we restrict ourselves to those before us.

Affirmed.