W. W. DUNN ET AL. V. W. W. WILSON ET AL.

(Filed 14 October, 1936.)

1. **Judgments K f—Where officer's return shows service, defendant may attack judgment for nonservice by motion in the cause.**

   Where it appears from the face of the record or the papers in the case that service of summons or original process was not had, nor waived, a judgment *in personam* rendered in this action may be treated as a nullity, vacated on motion, or collaterally attacked, since voluntary appearance or service of process is necessary to give the court jurisdiction, but where the officer's return shows service it is deemed *prima facie* correct, C. S., 921, and the remedy of defendant asserting nonservice is by motion in the cause upon a showing of nonservice by clear and unequivocal proof.

2. **Appeal and Error F b—Presumption that court found facts to support judgment does not prevail in face of court's refusal to find facts.**

   In this action certain defendants moved to set aside the judgment for nonservice of summons upon their evidence that in fact no service had been had, although the officer's return showed service, and defendants requested the court to find the facts. The court denied the request, and refused the motion of such defendant to set aside the judgment. *Held:* The presumption that the court found facts sufficient to support his judgment does not prevail in the face of a request for findings refused by the court, and the cause will be remanded for findings of fact sufficient to enable the Supreme Court to review the questions of law involved.

APPEAL by defendants W. W. Wilson and Drucilla Wilson from *Cranmer, J.*, at March Term, 1936, of VANCE.

DUNN v. WILSON.

Civil action to recover for parent's loss of services and injury to minor child, alleged to have been caused by the negligence of the defendants in the operation of an automobile.

No answer having been filed and no appearance made by any of the defendants, there was a verdict and judgment for plaintiffs, entered at the October Term, 1929, Vance Superior Court. Execution issued 27 September, 1935.

Thereupon, motions were lodged by the defendants to vacate verdict and to set aside judgment for want of any previous knowledge of the proceeding, it being alleged that no summons was ever served upon the defendants, or any of them, and that no appearance was ever made by any of the defendants in the action. Motion allowed as to Plummer, Minnie, and Arnie Wilson, and overruled as to the other defendants.

The record discloses that "the defendants W. W. Wilson and Drucilla Wilson asked the court to find the facts; request denied; defendants except," and appeal.

*Kittrell & Kittrell and A. A. Bunn for plaintiffs, appellees.*
*Julius Banzet and Frank Banzet for defendants, appellants.*

STACY, C. J. Service of summons or original process, unless waived, is a jurisdictional requirement. *Stancill v. Gay,* 92 N. C., 462. Hence, a judgment *in personam* rendered against a defendant without voluntary appearance or service of process is void. *Guerin v. Guerin,* 208 N. C., 57, 181 S. E., 274; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Armstrong v. Harshaw,* 12 N. C., 187. If the defect appear on the face of the papers, or is discernible from an inspection of the record, the judgment may be treated as a nullity, vacated on motion, or attacked collaterally. *Graves v. Reidsville,* 182 N. C., 330, 109 S. E., 29; *Stocks v. Stocks,* 179 N. C., 285, 102 S. E., 306; *McKee v. Angel,* 90 N. C., 60.

On the other hand, if the officer's return show service, as here, which under the statute, C. S., 921, is deemed *prima facie* correct or "sufficient evidence of its service," *Caviness v. Hunt,* 180 N. C., 384, 104 S. E., 763; *Burlingham v. Canady,* 156 N. C., 177, 72 S. E., 324; *Marler-D-G. Co. v. Shoe Co.,* 150 N. C., 519, 64 S. E., 366, when in fact no such service has been had, the fact of nonservice or "false return" may be established by clear and unequivocal proof, *Comrs. v. Spencer,* 174 N. C., 36, 93 S. E., 435; McIntosh N. C. P. and P., sec. 316, p. 313, and upon such showing the party affected may have the judgment set aside on motion duly entered in the cause. *Long v. Rockingham,* 187 N. C., 199, 121 S. E., 461; *Herndon v. Autry,* 181 N. C., 271, 107 S. E., 3; *Stocks v. Stocks, supra; Johnson v. Whilden,* 171 N. C., 153, 88 S. E., 223; *Massie v. Hainey,* 165 N. C., 174, 81 S. E., 135; *Flowers v. King,* 145 N. C., 234, 58 S. E., 1074.

Speaking to the point in *Chadbourn v. Johnston,* 119 N. C., 282, 25 S. E., 705, *Furches, J.,* delivering the opinion of the Court, said:

"They were made defendants in the summons issued in the case, which was returned executed, though in truth and in fact it was not executed on Rebecca A. Watkins and W. J. Johnston. This, *prima facie,* gave the court jurisdiction and authorized it to proceed to judgment. But this presumption might be rebutted by showing that in fact it had not been served. And, if nothing more had occurred, upon the court's finding this fact it would have been the duty of the court to set aside the judgment."

When considering such motion, upon request duly made, it is the duty of the judge to find the facts, so that his ruling upon the motion may be reviewed, and his refusal to accede to such request is reversible error. *S. v. Harris,* 204 N. C., 422, 168 S. E., 498; *Holcomb v. Holcomb,* 192 N. C., 504, 135 S. E., 287; *McLeod v. Gooch,* 162 N. C., 122, 78 S. E., 4; *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269. Compare *Hardware Co. v. Buhmann,* 159 N. C., 511, 75 S. E., 731.

True, in the absence of such request, it will be presumed that sufficient facts were found to support the judgment. *Com. of Revenue v. Realty Co.,* 204 N. C., 123, 167 S. E., 563; *S. v. Harris, supra; Holcomb v. Holcomb, supra; Gardiner v. May,* 172 N. C., 192, 89 S. E., 955. But the presumption may not be indulged in the face of a refusal to find the facts. This is the rationale of the decisions on the subject. *McLeod v. Gooch, supra; Smith v. Whitten,* 117 N. C., 389, 23 S. E., 320; *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716; *Albertson v. Terry,* 108 N. C., 75, 12 S. E., 892.

Speaking to the matter in *Clegg v. Soapstone Co.,* 66 N. C., 391, *Reade, J.,* delivering the opinion of the Court, said:

"It is, however, insisted that it ought to be presumed that his Honor found such a state of facts as would justify his conclusion of law. This would be the same as to say that his Honor could not err in his conclusion of law upon a given state of facts, and would make his judgment final. For, we repeat, how can we determine whether his law is right unless we know the facts? *Hudgins v. White,* 65 N. C., 393; *Powell v. Weith, post,* 423."

Until the facts are determined, the question as to what constitutes service, debated on argument and brief, is not presently presented for decision. However, as the question will perforce arise on the further hearing, the following statutes and authorities may prove helpful: C. S., 479 and 489; *Bank v. Wilson,* 80 N. C., 200; *Godwin v. Munds,* 106 N. C., 448, 10 S. E., 1044; *Bernhardt v. Brown,* 118 N. C., 700, 24 S. E., 527; *Williamson v. Cocke,* 124 N. C., 585, 32 S. E., 963; *Woodley v. Jordan,* 112 Ga., 151, 37 S. E., 118.

Error.