[Nos. 18380–3–II; 18642–0–II. Division Two. June 10, 1996.]

A.J. MUELLER, *Appellant*, v. TRAVIS MILLER, ET AL., *Respondents.*

*Walter D. Palmer*, for appellant.

*James M. Healy, Jr.*, and *Law Offices of James M. Healy, Jr.*, for respondents.

HOUGHTON, J. — A. J. Mueller filed an action to quiet title in real property, arguing that a prior sheriff's sale was void because it took place more than 10 years after the entry of the original judgment. The trial court dismissed Mueller's claim on the CR 12(b)(6) motion of Travis Miller, the purchaser at the sheriff's sale. Mueller

appeals on grounds that the sheriff's sale was void. Miller cross–appeals the trial court's denial of his motion for CR 11 sanctions. In a companion case, Mueller appealed the trial court's denial of her motion to intervene in the previous collection action.[1] We consolidate the two appeals, reverse the trial court's dismissal of Mueller's claim, affirm the trial court's denial of Miller's claim for CR 11 sanctions, and dismiss Cause No. 18642–0–II as moot.

## SUMMARY

The complexity of the procedural history in this case necessitates our use of both a brief summary and a detailed recitation of the facts. Bennie Griffin owned the real property at issue in this dispute prior to his death; this property was encumbered by four judgment liens in the 1980s. Landsail Investments and Travis Miller, respectively, held the first and third judgment liens. Landsail applied for a writ of execution, which was issued 28 days short of 10 years after the first judgment was entered. Landsail bought the property at the sheriff's sale, which was held after the 10–year period had expired, and an order confirming that sale was entered. Miller redeemed the property. Prior to the issuance of the sheriff's deed to Miller, David Swadberg, judgment creditor two, probated Griffin's estate and was named personal representative (PR). Swadberg obtained a probate court order allowing the sale of the property, sold the property to Mueller, entered an order confirming the sale, and conveyed the property to Mueller by special warranty deed. Mueller filed an action to quiet title to the property, arguing that the sheriff's sale was void because it took place more than 10 years after the entry of the original judgment. The trial court dismissed Mueller's claim on Miller's CR 12(b)(6) motion.

---

[1]Mueller assigned error to the trial court's denial of her motion to intervene to challenge the sheriff's sale in *Universal Collections, Inc. v. Bennie Griffin, et al.*, Cause No. 18642–0–II.

## FACTS AND PROCEDURAL HISTORY

This quiet title action arose from events that began in the early 1980s. The following background facts were presented through the pleadings:

February 1992: Bennie Griffin died intestate, leaving heirs but no spouse or issue; his only known asset was the real property at issue in this case. The property was not subject to a mortgage or deed of trust, but was subject to four judgment liens. This is not disputed, but it is also not supported in the record.

July 15, 1982: The first judgment was entered in favor of one of Griffin's creditors.[2]

June 17, 1992: A writ of execution was issued, 28 days prior to 10 years from the date the original judgment was entered.

---

[2]The following judgments were entered against Griffin:

| (1) | Judgment | creditor: | Universal Collections, Inc. |
| | Judgment | entered: | July 15, 1982 |
| | Judgment | amount: | $7801.23 |
| | Judgment | assignee: | Landsail Investments (June 29, 1992) |

The judgment in favor of Universal was entered in Pierce County District Court #1·Cause No. 82-756975-9, on July 15, 1982 for $7801.23; the certificate of transcription was completed on August 27, 1992, however, the transcription to Pierce County Superior Court Cause No. 83-2-02331-4 was not filed until May 20, 1983; Universal sold its interest ($8581.35) to Shawn Dillon on December 28, 1988; Dillon then sold his interest to Landsail on June 29, 1992.

| (2) | Judgment | creditor: | Puget Sound Collections, Inc. |
| | Judgment | entered: | March 15, 1984 |
| | Judgment | amount: | $2121.07 |
| | Judgment | number: | 84-9-01358-4 |
| | Judgment | assignee: | David Swadberg |
| (3) | Judgment | creditor: | Chiyo Y. Petties |
| | Judgment | entered: | December 18, 1984 |
| | Judgment | amount: | $1024.50 + $17.00 |
| | Judgment | number: | 85-9-00479-6 |
| | Judgment | assignee: | Travis Miller (February 17, 1993) |
| (4) | Judgment | creditor: | International Mercantile Co., Inc. |
| | Judgment | entered: | January 14, 1987 |
| | Judgment | amount: | $1020.00 |
| | Judgment | number: | 87-9-01529-8 |
| | Judgment | assignee: | Mutual Security Financing, Inc. |

July 14, 1992: The original judgment lien expired.

Aug. 14, 1992: A sheriff's sale was held; Landsail, as judgment creditor, gave a non–cash, high bid of $18,296.04. Miller's attorney below asserted that all parties received notice of the sheriff's sale and had time to file objections to the confirmation of the sale; however, the record contains a general public notice of the sale and nothing indicating that the parties individually received notice of the sale.

Sept. 9, 1992: The order confirming the sheriff's sale was entered.

Feb. 17, 1993: Miller, as assignee of a judgment lien, gave notice of his intent to redeem. The Pierce County Sheriff refused to redeem, asserting that Miller could not redeem from a void sale, i.e., a sale held after the 10–year statutory period expired. No response from the sheriff documenting its refusal to redeem is in the record.

May 21, 1993: Miller tendered a check for redemption in the amount of $17,297,33. Receipt of this payment is later noted in the sheriff's deed.

May 28, 1993: Miller brought an application for a writ of mandamus, asking that the sheriff be ordered to accept his redemption notice.

June 8, 1993: Miller's motion was brought before a Court Commissioner, who denied the application because the sale occurred after

the statutory period. Miller's June 30, 1993 motion for reconsideration was also denied. The Commissioner's rulings are not in the record.

July 9, 1993: Miller moved for revision of the Commissioner's order.

July 23, 1993: Miller argued for revision of the order before Judge Cohoe. By letter dated July 27, 1993, Judge Cohoe revised, ruling that the sheriff did not have standing to deny Miller's motion to redeem and that no real party in interest was seeking to void the sale, so he issued a writ of mandamus ordering the sheriff to allow Miller to redeem.

July 30, 1993: Swadberg, judgment creditor two, filed a petition to probate Griffin's estate, and he was appointed PR. Swadberg obtained an order apparently authorizing him to sell the property free of the three remaining judgment liens, subject to Miller's claims arising from the sheriff's sale. Neither the petition nor the order are in the record.

Aug. 2, 1993: The order granting the writ of mandamus was entered, ordering the sheriff to allow Miller to redeem.[3] Miller notified Griffin's original judgment creditors of the expiration of the redemption period.

Sept. 13, 1993: After three weeks notice, the PR held a

---

[3]This order restated the ruling in the July 27, 1993 letter. Judge Cohoe ruled that (1) the sale was regular on its face; (2) the sheriff had no standing to attack the confirmation of the sale; (3) Miller had the right to redeem; (4) the cases regarding the requirement that all steps of the execution be completed before the judgment expires, involve challenges before the sale, not as here, where the confirmation had taken place a year earlier; and (5) no real party in interest was seeking to void the sale.

public sale of the property, at which Mueller purchased the property for $17,500.00 cash, paid at the close of the sale.

Sept. 28, 1993: An order confirming the probate sale was entered. This order is not in the record.

Sept. 30, 1993: The PR conveyed the property to Mueller via special warranty deed. No encumbrances are listed on this deed. The PR paid the amounts noted on the judgment liens; however, this payment is not documented in the record.

Oct. 6, 1993: The sheriff issued a sheriff's deed to Miller. All rights to redeem from Miller had expired on October 4, 1993.

Oct. 7, 1993: Mueller brought an action to quiet title in property located at 5114 South Sheridan in Tacoma, against Miller, Landsail, and the occupants of the premises.[4] Mueller also filed a lis pendens.

Dec. 2, 1993: Miller answered.[5]

---

[4]Mueller alleged that Miller had no cognizable interest in the property because Landsail/Miller obtained the property at a sheriff's sale, which was void because it was held more than 10 years after the entry of the original judgment.

[5]In his answer, Miller asserted that Mueller only purchased a right of redemption, which had expired 60 days after Miller had redeemed the property. In an amended answer, Miller asserted that Mueller had no interest in the property because at the time she purchased the property from the PR, the estate's rights of redemption had expired. Miller also changed his affirmative defenses, asserting that (1) Mueller's pleadings were insufficient because she failed to allege fraud or misrepresentation in this action, which essentially was a collateral attack to set aside the order confirming the sheriff's sale, as required in CR 60(b)(1) and RCW 4.72.010; (2) Miller was a bona fide purchaser, thus not subject to equitable claims made against his predecessor Landsail; and (3) Mueller was precluded from asserting her claim because her predecessor, Griffin's estate, had the opportunity to challenge the court order allowing the redemption by Miller. Miller also counterclaimed for interference with his expected rental income and for the total amount he spent on the property. Finally, Miller

Dec. 15, 1993: Mueller filed a reply and a motion for summary judgment.[6]

Jan. 18, 1994: Miller moved to amend his answer, and filed a motion in opposition to Mueller's motion for summary judgment.[7]

Jan. 28, 1994: The trial court (Judge Thompson) heard argument on the summary judgment motion, issued an oral ruling and filed a written ruling denying the motion for summary judgment, and granted Miller's motion to amend his answer.[8]

May 13, 1994: Miller moved for dismissal pursuant to CR 12(b)(6) and for CR 11 sanctions against Mueller.[9]

May 25, 1994: Mueller filed a motion to amend her complaint.

---

asserted a third–party claim against Swadberg for interference with his expected rental income. The amended answer was filed August 24, 1994, after this appeal was filed.

[6]In the reply, Mueller asserted that the allegations in Miller's answer violated CR 11. In the motion for summary judgment, Mueller argued that the sheriff's sale was void; that Miller's subsequent redemption did not convert the void sale into a valid one; that Mueller's payment of $2260.42 into the court registry on October 21, 1993, satisfied any claim Miller had in the property; and that Miller's answer was frivolous in violation of CR 11.

[7]In lieu of filing a responsive brief with this court, Miller relies on his response to Mueller's summary judgment motion.

[8]Mueller argued that summary judgment should be granted because all steps of the execution of a judgment must be completed within the 10–year statutory period, and any action taken thereafter was void. Miller argued that Mueller's action was basically a collateral attack on the order confirming the sheriff's sale, brought over one year after the order was entered, and therefore, Mueller must show fraud or good reason in law to set aside the prior order.

[9]In Mueller's May 31, 1994 answer to Miller's motion to dismiss, she asserted that all of the material facts were presented to the court in the affidavit of Mueller's attorney and that the court should still grant Mueller summary judgment. Mueller's attorney also responded to Landsail's motion for CR 11 sanctions with an affidavit detailing the correspondence between counsel, including Mueller's proposed order quieting title in Mueller and Landsail's response that it would agree to only an order of dismissal.

May 31, 1994: Mueller moved to intervene in *Universal Creditors, Inc. v. Bennie Griffin*, judgment one, in order to make a motion in that action to vacate the confirmation of the sheriff's sale as void. The trial court denied the motion on June 10, 1994.

June 10, 1994: The trial court heard argument,[10] granted Miller's CR 12(b)(6) motion, set aside the lis pendens, and denied Mueller's motion to amend her complaint.[11] The trial court also denied Miller's motion for CR 11 sanctions.

June 16, 1994: The trial court filed its denial of Mueller's motion to amend the complaint, in which Mueller sought to amend to include a claim for damages from interference causing loss of rents.

On June 23, 1994, Mueller appealed the CR 12(b)(6) dismissal. The trial court subsequently filed its denial of Miller and Landsail's motion for CR 11 sanctions, and Miller cross–appealed. On September 28, 1994, Mueller appealed the denial of her motion to intervene.

## ANALYSIS

Mueller contends that the trial court erred in granting Miller's CR 12(b)(6) motion to dismiss.[12] Pursuant

---

[10]Miller and Landsail argued that Mueller had already presented her arguments challenging the validity of the sheriff's sale in her summary judgment motion, and should not be allowed to present another collateral attack on the order confirming the sheriff's sale.

[11]The trial court stated that it was "not going to go behind Judge Cohoe's ruling."

[12]Pursuant to CR 12(b):

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading . . ., except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper

to CR 12(b)(6), a defendant may move to dismiss where a plaintiff's pleadings do not state a claim for which relief can be granted. *Danzig v. Danzig*, 79 Wn. App. 612, 616, 904 P.2d 312 (1995), *review denied*, 129 Wn.2d 1011, (1996). A court should grant dismissal only where " 'it appears, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Danzig*, 79 Wn. App. at 616 (quoting *Berge v. Gorton*, 88 Wn.2d 756, 759, 567 P.2d 187 (1977)). When considering the motion, the court must accept the facts alleged in the complaint as true. *Danzig*, 79 Wn. App. at 616 (citing *Berge*, 88 Wn.2d at 759). An appellate court reviews a CR 12(b)(6) dismissal de novo. *Danzig*, 79 Wn. App. at 616 (citing *Cutler v. Phillips Petroleum Co.*,124 Wn.2d 749, 755, 881 P.2d 216 (1994), *cert. denied*, 115 S. Ct. 2634 (1995)).

■■ Mueller's attorney submitted his affidavit containing facts outside the pleadings in response to the CR 12(b)(6) motion. A motion to dismiss pursuant to CR 12(b)(6) that is supported by materials outside of the complaint is treated as a summary judgment motion. *See Wilkerson v. Wegner*, 58 Wn. App. 404, 408 n.2, 793 P.2d 983 (1990)(citing *St. Yves v. Mid State Bank*, 111 Wn.2d 374, 377, 757 P.2d 1384 (1988), *overruled on other grounds in Berg v. Hudesman*, 115 Wn.2d 657, 669, 801 P.2d 222 (1990)). Generally, this court engages in the same inquiry as the trial court in reviewing a summary judgment; it views the pleadings and affidavits in the file, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party, and it grants judgment when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c); *Wilker-*

---

venue, (4) insufficiency of process, (5) insufficiency of service of process, *(6) failure to state a claim upon which relief can be granted,* (7) failure to join a party under rule 19 . . . . *If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.*

(Emphasis ours).

*son*, 58 Wn. App. at 408 (citing *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)).

## A. Sheriff's Sale

 Mueller asserts that the trial court should have quieted title in the property to her because the sheriff's sale was void, arguing that all of the steps in the execution of a judgment lien must be completed within the statutory period. Mueller contends that (1) the sheriff's sale was void because it occurred more than 10 years after the original judgment was entered; (2) the confirmation of the sheriff's sale could not cure the void sale; and (3) the writ ordering redemption did not validate the void sale.

"A judgment lien is born by statute, RCW 4.56.190,[13] and dies by statute, RCW 4.56.210.[14]" *Grub v. Fogle's Garage, Inc.*, 5 Wn. App. 840, 843, 491 P.2d 258 (1971). The *Grub* court held that " 'when the judgment expires the ancillary proceedings by way of execution, if the sale has not been confirmed, expire with it.' " *Grub*, 5 Wn. App. at 843 (quoting *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.*, 4 Wn. App. 874, 880, 484 P.2d 458, *review denied*, 79 Wn.2d 1007 (1971)) (Italics omitted).

A trial court must confirm a sheriff's sale pursuant to

---

[13]Pursuant to former RCW 4.56.190:

> The real estate of any judgment debtor, and such as the judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any judgment of . . . the supreme court, court of appeals, superior court, or district court of this state, and every such judgment shall be a lien thereupon to commence as provided in RCW 4.56.200 and to run for a period of not to exceed ten years from the day on which such judgment was entered . . . .

Former RCW 4.56.190 (1992), LAWS OF 1987, ch. 442, § 1103. This statute was amended in 1994 to reflect a provision in RCW 6.17.020(3), which now permits the extension of a judgment lien for an additional 10-year period pursuant to court order. *See* RCW 4.56.190; LAWS OF 1994, ch. 189, § 3; RCW 6.17.020; LAWS OF 1994, ch. 189, § 1.

[14]Pursuant to RCW 4.56.210(1):

> [A]fter the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

The 1994 amendment providing for an extension of the 10-year period did not change the substance of this provision.

RCW 6.21.110. "Confirmation is an essential procedural step in completion of an execution sale." *Ferry*, 4 Wn. App. at 880 (citing *Betz v. Tower Sav. Bank*, 185 Wash. 314, 322, 55 P.2d 338 (1936)). Confirmation is a condition precedent to the issuance of a sheriff's deed, which passes legal title to the purchaser. RCW 6.21.120; *Ferry*, 4 Wn. App. at 880 (citing *Cogswell v. Brown*, 102 Wash. 625, 173 P. 623 (1918)). Thus, the *Ferry* court concluded that the sale is completed only when it is confirmed within the statutory period. *Ferry*, 4 Wn. App. at 880. Both *Grub* and *Ferry* concerned prohibition of the sheriff's sale; they did not concern a collateral attack after the sale was confirmed. *Grub*, 5 Wn. App. at 841; *Ferry*, 4 Wn. App. at 880.

Mueller is correct that the sheriff's sale on August 14, 1992, occurred after the 10–year period of the judgment lien, which expired on July 14, 1992. A sale that occurs after the lien has expired is void because " '[t]here being no lien in existence, there could have been no authority for the sale in any execution that might have been issued.' " *Hardin v. Day*, 29 Wash. 664, 665, 70 P. 118 (1902)(affirming trial court's refusal to confirm sale that occurred after the judgment lien expired) (quoting *Packwood v. Briggs*, 25 Wash. 530, 535, 65 P. 846 (1901)(competing mortgage and judgment liens, held execution void because lien ceased to exits prior to sale)). Thus, the sheriff's sale was void at the outset.

Mueller is also correct that subsequent court actions could not cure or validate the void sale. First, the order confirming the sale could not make a void sale valid. Confirmation can only cure "irregularities in the manner of conducting sales." *Compare Vietzen v. Otis*, 46 Wash. 402, 407–08, 90 P. 264 (1907)(foreclosure sale in wrong county, applying execution sale analysis because sheriff follows same procedural steps, confirmation could not cure sale void at outset), *with Gunstone v. Robbins*, 158 Wash. 80, 85, 290 P. 844 (1930)(confirmation of sheriff's sale can cure irregularity where order directed sheriff of wrong county to conduct sale, but sheriff of correct county actu-

ally conducted sale). "[T]he confirmation by the court of a void sale does not render it valid." *Byam v. Albright,* 94 Wash. 108, 118–19, 162 P. 10 (1916)(execution sale of homestead interest void)(additional citation omitted).

Second, we find no authority specifically discussing whether a writ ordering the sheriff to allow redemption could cure a void sale; however, if the confirmation could not validate a void sale, *a fortiori,* a writ directing redemption could not validate a void sale.

Miller attempts to distinguish the cases regarding judgment liens by pointing out that none has involved a challenge after the sale was confirmed; however, this distinction does not change the rule that all steps to the execution, including confirmation, must be completed within 10 years. This case is factually similar to both *Hardin* and *Packwood,* in which both the sale and confirmation would have occurred after the statutory period, had no challenge been filed. While those cases, respectively, refused confirmation and enjoined a sheriff's sale, neither ruling would have been made unless the sale was void and incurable by subsequent confirmation.

### B. Miller's Affirmative Defenses

Mueller addresses all of Miller's affirmative defenses in her brief; however, those issues are not before this court because the court below did not rule on them in granting the CR 12(b)(6) motion. *See generally King County v. Washington State Boundary Review Bd.,* 122 Wn.2d 648, 660, 860 P.2d 1024 (1993)(holding that only when parties brief and argue issue in lower court, and *lower court rules on issue,* is issue properly raised on appeal). Thus, we do not address those arguments.

### C. Quiet Title as Collateral Attack on Void Judgment

Mueller further contends that a quiet title action is the appropriate remedy to challenge a void sale, citing *Krutz v. Isaacs,* 25 Wash. 566, 66 P. 141 (1901). The *Krutz*

court held that a quiet title action, not an action to vacate the judgment, was the appropriate means for the grantee of a judgment debtor to clear the title of land sold under a void judgment. *Krutz*, 25 Wash. at 572–74, 577–78. In *Krutz*, the judgment and subsequent sheriff's sale were void for improper service. *Krutz*, 25 Wash. at 566–78. The court stated that the grantee, who purchased from the judgment debtor, was not a party to the prior judgment and could not have brought a motion to vacate the void judgment. *Krutz*, 25 Wash. at 566–78. Similarly, Mueller, having an interest in the property as the purchaser from Griffin's estate, made a collateral attack on the validity of the sheriff's sale through this quiet title action.[15]

Essentially, Mueller's quiet title action is a collateral attack on the sheriff's sale and subsequent order confirming the sale. Relief from a final judgment, order, or proceeding may be obtained pursuant to CR 60.[16] "A collateral attack may be maintained only against a final order or judg-

---

[15]The probate order permitting the PR to sell the property is not in the record before us, so we cannot determine what, if any, restrictions were placed on the sale. Further, Mueller stated that all judgment creditors, including Miller, were paid after the probate sale; however, this is also not documented in the record. Mueller's special warranty deed shows no encumbrances. Thus, based upon the record before us, Mueller brought the appropriate challenge to the sheriff's sale.

[16]Pursuant to CR 60(b):

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) For erroneous proceedings against a minor or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;

(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) *The judgment is void*;

. . . or

ment which is absolutely void, not merely erroneous or voidable," *State v. Petersen*, 16 Wn. App. 77, 79, 553 P.2d 1110 (1976)(citing *Bresolin v. Morris*, 86 Wn.2d 241, 543 P.2d 325 (1975), *opinion supplemented on other grounds*, 88 Wn.2d 167, 558 P.2d 1350 (1977); *Peyton v. Peyton*, 28 Wash. 278, 68 P. 757 (1902)), "and then only on the basis of fraud going to the very jurisdiction of the court." *Petersen*, 16 Wn. App. at 79 (citing *Anderson v. Anderson*, 52 Wn.2d 757, 328 P.2d 888 (1958)).

A judgment is void when the court does not have personal or subject matter jurisdiction, or "lacks the inherent power to enter the order involved." *Petersen*, 16 Wn. App. at 79 (citing *Bresolin*, 86 Wn.2d at 245; *Anderson*, 52 Wn.2d at 761)(additional citation omitted). A trial court has no discretion when faced with a void judgment, and must vacate the judgment "whenever the lack of jurisdiction comes to light." *Mitchell v. Kitsap County*, 59 Wn. App. 177, 180–81, 797 P.2d 516 (1990)(collateral challenge to jurisdiction of pro tem judge granting summary judgment properly raised on appeal)(citing *Allied Fidelity Ins. Co. v. Ruth*, 57 Wn. App. 783, 790, 790 P.2d 206 (1990)). As discussed above, since the judgment is void, this collateral attack through the quiet title action was proper.

 Miller argues that a challenge attempting to vacate a judgment brought more than one year after the judgment was entered can be brought only if fraud is alleged. Miller is incorrect. A challenge to a void judgment can be brought at any time. *In re Leslie*, 112 Wn.2d 612, 618–19, 772 P.2d 1013 (1989)(citing *John Hancock Mut. Life Ins. Co. v. Gooley*, 196 Wash. 357, 370, 83 P.2d 221 (1938)(additional citation omitted); CR 60(b)(5).

---

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken . . . . A motion under this section (b) does not affect the finality of the judgment or suspend its operation.

(Emphasis ours).

## D. Motion to Amend Complaint

█ Finally, Mueller contends that the trial court improperly denied her motion to amend the complaint because it failed to provide any reason for the denial. Pursuant to CR 15(a), trial courts should freely grant leave to amend "when justice so requires." While the grant or denial of leave to amend is within the trial court's discretion, a denial without an explanation is not an exercise of discretion, but an abuse of discretion. *Walla v. Johnson*, 50 Wn. App. 879, 882–83, 751 P.2d 334 (1988); *Tagliani v. Colwell*, 10 Wn. App. 227, 232–34, 517 P.2d 207 (1973).

Here, the trial court gave no reason for denying Mueller's requested amendment. However, it is reasonable to infer that since the trial court had just dismissed the case on Miller's CR 12(b)(6) motion, it reasoned that the amendment to add a claim for lost rental income would be superfluous at that time. Thus, on remand, the trial court must address Mueller's motion to amend the complaint.

## E. Cross–Appeal of Denial of CR 11 Sanctions.

Miller cross–appeals the trial court's denial of CR 11 sanctions and seeks fees on appeal, contending that Mueller's action was frivolous. Miller is incorrect. Mueller provided a thorough analysis of the case law applying to enforcement of judgment liens and also provided a basis in case law for bringing her challenge to the validity of the sheriff's sale as a quiet title action. In light of this, Miller's assertion that Mueller's claim is frivolous is incorrect.

## F. Companion Appeal

█ Finally, pursuant to RAP 3.3(b), we have consolidated this appeal with Mueller's related appeal of the trial court's denial of her motion to intervene to challenge the validity of the sheriff's sale, Cause No. 18642–0–II. The above resolution of this appeal renders Mueller's other appeal moot. *See Housing Authority of Ever-*

*ett v. Terry,* 114 Wn.2d 558, 570, 789 P.2d 745 (1990)(an appellate court will generally not decide moot questions); *cf. Clearwater v. Skyline Constr. Co.,* 67 Wn. App. 305, 317, 835 P.2d 257 (1992)(an appellate court need not address an assignment of error rendered moot by its resolution of another part of a case), *review denied,* 121 Wn.2d 1005 (1993).

We reverse the trial court's dismissal of Mueller's claim and remand for further proceedings. We affirm the trial court's denial of Miller's motion for CR 11 sanctions. We dismiss Cause No. 18642-0-II.

SEINFELD, C.J., and MORGAN, J., concur.