2014 APR 28 AM 9: 31


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BART KLEIN and GOLRIZ AMIRI, as their marital estate, | ) ) ) | No. 69749-8-I |
| Appellants/ Cross-Respondents, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| MAISIE BIERET DELGADO and JAVIER F. DELGADO, as their marital estate, | ) ) ) ) | UNPUBLISHED OPINION |
| | ) | FILED: April 28, 2014 |
| Respondents/ Cross-Appellants. | ) ) ) | |

BECKER, J. — Bart Klein obtained a judgment against Maisie Delgado, a former employee in his law office. Several years later, Klein filed another lawsuit against the former employee as a judgment creditor, alleging that she fraudulently transferred assets with intent to impede his ability to collect on the judgment. Because Klein's complaint stated a claim upon which relief could be granted, we reverse the court's dismissal under CR 12(b)(6) and remand for further proceedings.

## FACTS

Maisie Delgado was employed by attorney Bart Klein as a paralegal between 2002 and 2007. When she began her employment at Klein's law office,

Maisie was married to Javier Delgado.[1] They divorced in 2005. Klein and his then Rule 9 intern, Christopher Kerl, represented Maisie in the dissolution proceedings. In October 2006, more than a year and a half after the dissolution was final, Javier bought a home.

After discovering that Maisie had embezzled funds during the course of her employment, Klein fired her in 2007 and sued her for conversion.

In 2008, unbeknownst to Klein, Maisie and Javier remarried.

In 2009, Klein obtained a default judgment against Maisie in the conversion lawsuit.[2] In 2011, Klein noted a supplemental examination in the conversion proceedings. Maisie failed to appear. Also in 2011, in an attempt to garnish Maisie's wages, Klein learned from her employer that she was on maternity leave. At some point, Klein also learned that Maisie was living at Javier's residence.

In April 2012, Klein filed the instant lawsuit against Maisie and Javier, alleging that Maisie fraudulently transferred assets to Javier in violation of the Uniform Fraudulent Transfer Act, chapter 19.40 RCW. Klein sought to void the transfer of assets to the extent necessary to satisfy his claim as the judgment creditor.

At the outset of the case, the trial court granted Maisie's motion to disqualify Klein's attorney Christopher Kerl because of Kerl's former

---

[1] To avoid confusion, we refer to Maisie Delgado and Javier Delgado by their first names.

[2] The State charged Maisie with theft in 2011, but the charge was ultimately dismissed.

representation of Maisie in her dissolution. Thereafter, Klein represented himself.

Maisie filed a motion to dismiss Klein's complaint under CR 12(b)(6). She argued that the complaint failed to allege sufficient facts to establish an unlawful transfer of assets. The trial court granted the motion and dismissed the case. At the hearing on the motion, the trial court also reversed its earlier ruling imposing CR 11 sanctions on Klein. Both parties appeal.

## CR 12(b)(6) DISMISSAL

Continuing to represent himself on appeal, Klein contends that the trial court erred in granting Maisie's motion because he asserted a cause of action under the Uniform Fraudulent Transfer Act upon which relief could be granted. Maisie, on the other hand, argues that the dismissal was proper, applying either summary judgment or CR 12(b)(6) standards.

Maisie filed her motion under CR 12(b)(6), and the trial court entered an order expressly dismissing the complaint under that rule. While it is true that a motion to dismiss brought under CR 12(b) or CR 12(c) that is supported by material submissions outside of the pleadings is treated as a motion for summary judgment, Maisie's motion to dismiss was based solely on the complaint. Parrilla v. King County, 138 Wn. App. 427, 432 n.2, 157 P.3d 879 (2007); Mueller v. Miller, 82 Wn. App. 236, 246, 917 P.2d 604 (1996). The CR 12(b) motion was not, therefore, converted into a motion for summary judgment, and we review the

trial court's decision according to the standards applicable to motions on the pleadings.

We apply a de novo standard of review to a superior court's decision to dismiss under CR 12(b)(6). Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts, consistent with the complaint, that would entitle the plaintiff to relief. Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995). The purpose of CR 12(b)(6) is to weed out complaints where, even if that which the plaintiff alleges is true, the law does not provide a remedy. McCurry v. Chevy Chase Bank, FSB, 169 Wn.2d 96, 101, 233 P.3d 861 (2010). Such motions should generally be granted "only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief." San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

Under notice pleading standards, a complaint need contain only "(1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." CR 8(a). "Under notice pleading, plaintiffs use the discovery process to uncover the evidence necessary to pursue their claims." Putman v. Wenatchee Valley Med. Ctr., PS, 166 Wn.2d 974, 983, 216 P.3d 374 (2009).

Maisie contends that Klein's complaint is both legally and factually insufficient. She argues that the complaint is incorrect as a matter of law

4

because it asserts that any transfer of assets by a judgment debtor violates the Uniform Fraudulent Transfer Act. She further argues that the complaint fails as a factual matter because it does not identify a specific transfer of assets. According to Maisie, the only factual scenario Klein could potentially prove that is consistent with and supported by the complaint is that she has been living at Javier's home for little or no rent. She points out that this arrangement does not amount to a transfer of assets from the judgment debtor, fraudulent or otherwise.

Under Washington's statute that regulates fraudulent transfers, chapter 19.40 RCW, a fraudulent transfer occurs

> where one entity transfers an asset to another entity, with the effect of placing the asset out of the reach of a creditor, with either the intent to delay or hinder the creditor or with the effect of insolvency on the part of the transferring entity.

Thompson v. Hanson, 168 Wn.2d 738, 744, 239 P.3d 537 (2009). To prevail in the action, Klein will have to establish that Maisie transferred assets to Javier with actual intent to hinder Klein's ability to collect his judgment, or that Maisie transferred assets for less than reasonably equivalent value while insolvent. RCW 19.40.041(a)(1); (a)(2); .051(a); Sedwick v. Gwinn, 73 Wn. App. 879, 885, 873 P.2d 528 (1994).

Klein's complaint alleged that "Maisie Delgado's transfer of assets, including payment of money, to Defendant Javier Delgado, is a violation of the Uniform Fraudulent Transfer Act, RCW 19.40.041, as an attempt to hinder, delay, or defraud a creditor." This statement can fairly be read as a claim that Maisie

transferred assets to Javier and did so with intent to hinder, delay, or defraud Klein, the judgment creditor.

Under the generous standard of CR 12(b)(6), "'[a]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.'" Bravo, 125 Wn.2d at 750, quoting Halvorson v. Dahl, 89 Wn.2d 673, 674, 574 P.2d 1190 (1978). We reject the notion that the complaint supports only one conceivable set of facts and that those facts do not involve any transfer of assets. Klein is not alleging that Maisie is violating the statute by living at Javier's house rent-free. It is clear from the complaint that Klein intends to establish that Maisie provided funds to Javier and those funds were used "for the purchase and ongoing mortgage obligations of the home titled in the name of Defendant Javier Delgado." The lawsuit expressly concerns Javier's real property located in King County and the source of funds used to purchase and pay the mortgage on that property.

Maisie argues that Klein's complaint, if legally sufficient, is time barred under RCW 19.40.091(a) because, assuming the alleged transfer involves funds used to purchase Javier's home, that transaction occurred in October 2006, more than four years before Klein filed his lawsuit. Maisie also maintains that dismissal was proper because Klein failed to specifically plead all elements of fraud as required by CR 9(b).

Maisie failed to raise either of these issues in her motion to dismiss. Even in the context of a CR 12(b)(6) motion, a litigant may not raise legal issues on

appeal after failing to do so in a timely manner in the lower court. RAP 2.5(a); Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012) (failure to preserve a claim of error generally waives appellate review). But even if Maisie had timely asserted these grounds, neither amounts to an insuperable bar to relief. Klein's complaint does not allege that Maisie transferred funds on a specific date. Conceivably, he could prove that Maisie transferred assets within four years prior to the date he filed his complaint or that he filed his complaint within one year of the date he discovered, or could have reasonably discovered, that the fraudulent transfer occurred. See RCW 19.40.091(a). And while CR 9(b) requires that the elements of fraud must be pleaded with particularity in a complaint alleging common law fraud, Maisie offers no authority requiring these elements to be specifically pleaded in a complaint alleging a violation of RCW 19.40.041.[3] See Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 165, 744 P.2d 1032, 750 P.2d 254 (1987) (complaint alleging common law fraud must include both elements and circumstances of fraudulent conduct).

Because there are hypothetical sets of facts consistent with his complaint that could support Klein's claim for relief under RCW 19.40.041, dismissal under CR 12(b)(6) was error.

---

[3] The elements of the common law fraud include:
(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.
Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

MOTION TO DISQUALIFY COUNSEL

Klein challenges the trial court's ruling disqualifying his counsel. It is undisputed that Klein's attorney, Kerl, represented Maisie as a Rule 9 intern. Therefore, Rule of Professional Conduct (RPC) 1.9 concerning duties owed to former clients applied. Under that rule, a lawyer may not represent another person in the same or a substantially related matter if that person's interests are materially adverse to the interests of a former client. Matters are substantially related when the factual matter in the former representation is so similar to a material factual matter in the current representation that a lawyer would consider the past representation useful in advancing the interests of the current client. State v. Hunsaker, 74 Wn. App. 38, 44, 873 P.2d 540 (1994). Matters are also substantially related if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. RPC 1.9 cmt. 3.

Klein points out that the dissolution was uncontested and involved limited court proceedings. Still, it is conceivable that information Kerl learned about Maisie's finances and her relationship with Javier in the course of the representation would be beneficial to Klein's position in the current lawsuit. Under these circumstances, we cannot say that the court abused its discretion in granting Maisie's motion to disqualify counsel. Pub. Util. Dist. No. 1 of Klickitat

County v. Int'l Ins. Co., 124 Wn.2d 789, 811-12, 881 P.2d 1020 (1994) (whether to grant a motion to disqualify counsel reviewed for abuse of discretion).[4]

## SANCTIONS

Maisie has filed a cross appeal, arguing that once the trial court dismissed the complaint, it should have reinstated the sanctions initially imposed. The determination of a violation of CR 11 is within the sound discretion of the trial court. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). The fact that a party's action fails on the merits is by no means dispositive one way or the other on the question of whether CR 11 sanctions are appropriate, but in light of our conclusion here that the court erred in dismissing the complaint, there is no basis to disturb the decision to deny sanctions. See Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 220, 829 P.2d 1099 (1992).

## ATTORNEY FEES ON APPEAL

To the extent that both Klein and Maisie request attorney fees on appeal, neither party provides meaningful argument or citation to authority showing their entitlement to attorney fees. They fail to comply with the requirements of RAP 18.1, and we reject both parties' requests.

---

[4] As a practical matter, there is no indication that Kerl possessed any information that Klein himself did not possess. But because Klein is acting pro se, RPC 1.9 does not apply to prohibit him from pursuing his own claim against his former client.

Reversed and remanded.

WE CONCUR:

Becker, J.

Verellen, ACJ

Appelwick, J