

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THERESA CARSTENSEN, | ) | |
| | ) | No. 36560-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAMON RUIZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — A prior version of the Sexual Assault Protection Order (SAPO),

chapter 7.90 RCW, was poorly written and resulted in confusion and unnecessary

consternation. In the plurality decision of *Roake v. Delman*, 189 Wn.2d 775, 408 P.3d

658 (2018), the Supreme Court attempted to harmonize the statutes, but the multiple

opinions are difficult to reconcile with the statutory language.

After *Roake* was decided, Theresa Carstensen filed a SAPO petition and was

granted an ex parte temporary sexual assault protection order against the respondent,

Damon Ruiz. At a hearing for the final order, the trial court allowed Mr. Ruiz to reopen

the temporary order. The court considered declarations beyond the pleadings to find that Ms. Carstensen had failed to prove a reasonable fear of future dangerous acts for purposes of the temporary order. Relying on a concurring opinion in *Roake*, the trial court concluded that it could not issue a final order if it could not issue a temporary order and dismissed Ms. Carstensen's SAPO petition.

Ms. Carstensen appealed this ruling. While her appeal was pending, the legislature amended several statutes in chapter 7.90 RCW to clarify its intent, explicitly noting its agreement with the dissent in *Roake*, and removing any requirement for the petitioner to prove statements or events beyond the assault itself that give rise to a reasonable fear of future dangerous acts.

While we cannot retroactively apply the statutory amendments to Ms. Carstensen's petition without violating separation of powers, we hold that the trial court erred in finding that Ms. Carstensen's petition for a temporary SAPO was factually insufficient. We reverse the order dismissing Ms. Carstensen's SAPO petition and remand for a hearing on the final order.

FACTS

On December 11, 2018, Theresa Carstensen filed a Petition for Sexual Assault Protection Order in Lincoln County Superior Court against Damon Ruiz. In her petition, she alleged that Mr. Ruiz sexually assaulted her after a concert in Spokane on September

2

23, 2017.[1]  Ms. Carstensen put forth that the assault was traumatic and had a significant effect on her mental and emotional health.  She pointed out that both she and the respondent, Mr. Ruiz, lived in the small town of Wilbur.  Over the next several months, on the rare occasion when she ventured out of the house, Ms. Carstensen would see Mr. Ruiz in town.  Specifically, she alleged that on two or three occasions, Mr. Ruiz would turn into the grocery store after seeing Ms. Carstensen's car in the parking lot, and get into the checkout line behind her with only one item to purchase.

Ms. Carstensen indicated that the stress and anxiety caused by the assault caused her and her family to move 23 miles south of Wilbur to a house on the end of a road.  On December 9, shortly after moving, Ms. Carstensen's husband called her to say that he had just passed Mr. Ruiz on their road driving toward their house.  Ms. Carstensen looked out the window and saw Mr. Ruiz pull his vehicle into their driveway and drive toward a shop on the property.  The shop is rented by a separate business.  Ms. Carstensen saw Mr. Ruiz speaking with the owner of the business.  Believing that Mr. Ruiz was stalking her, Ms. Carstensen called the police.  Mr. Ruiz left before the police arrived.  (Subsequently referred to as the "driveway incident.")

---

[1] For purposes of his motion, Mr. Ruiz did not dispute the assault so the detailed allegations are not necessary to our determination.

3

Two days later, Ms. Carstensen filed a petition for a sexual assault protection

order against Mr. Ruiz and included these facts in her petition.  The state-mandated form[2]

provided a section to "[d]escribe statements or actions of the respondent at the time of the

sexual assault(s) or later that cause the petitioner reasonable fear of future dangerous

acts."  Clerk's Papers (CP) at 5.  In response, Ms. Carstensen declared: "He left me

bleeding on the floor of the hotel room shower unable to move.  He tracked me down

after I moved and came to my house."  CP at 5.  The court issued an ex parte temporary

sexual assault protection order and set a hearing for December 21, 2018, to address the

request for a final order.

Prior to the hearing on the final order, Mr. Ruiz filed a motion to dismiss pursuant

to *Roake*.  Specifically, the motion asked the court to reopen the temporary order, find it

invalid, and dismiss the petition.  For purposes of the motion to reopen and dismiss, Mr.

Ruiz did not dispute the sexual assault but claimed that the temporary order was invalid

because it failed to prove a reasonable fear of future dangerous acts from the respondent

as required by *Roake*.  In support of his motion, Mr. Ruiz filed a memorandum of

---

[2] RCW 7.90.180(1): "The administrative office of the courts shall develop and prepare instructions and informational brochures required under RCW 7.90.020, standard petition and order for protection forms, and a court staff handbook on sexual assault, and the protection order process.  The standard petition and order for protection forms must be used after September 1, 2006, for all petitions filed and orders issued under this chapter."

authorities. Separately, Mr. Ruiz filed his own declarations explaining that several months prior, his family had ordered a pig from the butcher who rented the shop near Ms. Carstensen's home, and he arrived on that day to pick up the processed meat. He claimed he had no idea at the time that Ms. Carstensen had moved to the same address. Other than his motion and supporting declarations, Mr. Ruiz did not file a responsive pleading to Ms. Carstensen's petition.

At the hearing for the final order, the court and attorneys understandably struggled to apply *Roake's* multiple decisions. The trial court began with the motion to dismiss, which was clarified as a motion to reopen and then dismiss. Mr. Ruiz's counsel made it clear that such a motion should be based on the pleadings without considering the declarations but then argued that Mr. Ruiz's meritorious defense was based on facts set forth in the declarations, i.e., that Mr. Ruiz had a reason to show up at the shop near Ms. Carstensen's home.

The trial court found that on the day it was filed, Ms. Carstensen's petition was legally and factually sufficient because the allegations met the statute's requirements. The court denied Mr. Ruiz's motion to dismiss the petition for legal insufficiency.

Nevertheless, the trial court granted Mr. Ruiz's motion to reopen the hearing on the temporary order and found that Mr. Ruiz had a meritorious factual defense to the driveway incident. The court reasoned that without the driveway incident, Ms. Carstensen could not prove any reasonable fear of a future dangerous act. The court

noted that the contacts in town following the assault were insufficient to show future dangerousness because the contacts were inevitable in a small town, and a reasonable person's fear from the assault would dissipate as time passed. The court concluded that since future dangerousness was an element for a valid temporary order, and since it was not proved, the temporary order was invalid. The court did not consider the final order, concluding that future dangerousness was also an element of the final order, and if Ms. Carstensen's evidence was insufficient for the temporary order, it is insufficient for the final order.

Ms. Carstensen appealed the court's order.

ANALYSIS

As an initial matter, we must decide whether subsequent amendments to chapter 7.90 RCW apply to the petition in this case. Prior to 2019, RCW 7.90.040 provided that a petition for a SAPO required an allegation of nonconsensual sexual conduct along with an affidavit "stating the specific statements or actions made at the same time of the sexual assault or subsequently thereafter, which give rise to a reasonable fear of future dangerous acts." RCW 7.90.020(1). To obtain a temporary sexual assault protection order, the petitioner must establish that:

> (a) The petitioner has been a victim of nonconsensual sexual conduct or nonconsensual sexual penetration by the respondent; and
> (b) There is good cause to grant the remedy, regardless of the lack of prior service of process or of notice upon the respondent, because the harm which that remedy is intended to prevent would be likely to occur if the

respondent were given any prior notice, or greater notice than was actually given, of the petitioner's efforts to obtain judicial relief.

RCW 7.90.110(1).

In *Roake*, a plurality of the Supreme Court interpreted these statutes to require that a petition must allege "a reasonable fear of future dangerous acts" in order to justify a temporary sexual assault protection order. 189 Wn.2d at 777. Since the petitioner in *Roake* did not plead future dangerousness, her temporary order was invalid, and her petition was legally deficient. *Id*. at 783.

After Ms. Carstensen's petition was denied in Superior Court, and while her appeal was pending, the legislature amended chapter 7.90 RCW. The official notes to the amendment provide: "The legislature intends to respond to [*Roake*] by clarifying that a petitioner who seeks a sexual assault protection order is not required to separately allege or prove that the petitioner has a reasonable fear of future dangerous acts by the respondent, in addition to alleging and proving that the petitioner was sexually assaulted by the respondent." RCW 7.90.020.

The only issue on appeal in this case is whether the trial court erred in finding Ms. Carstensen failed to prove she had a "reasonable fear of future dangerous acts" by the respondent. If the amended statute applies to her petition on appeal, and proving dangerousness is no longer necessary, the decision on appeal would be clear.

In deciding whether the amendments apply to this case, the first question is whether application of the amended statute to this case would be considered prospective or retroactive. "Determining whether a statute is retroactive is a question of law that we review de novo." *State v. Brake*, 15 Wn. App. 2d 740, 743, 476 P.3d 1094 (2020). We start with the subject matter regulated by the statute. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 809, 272 P.3d 209 (2012). In this case, the subject matter of the amendments are the requirements for obtaining a sexual assault protection order.

Once we have determined the subject matter, we decide which events have new legal consequences, and consider whether those "triggering events" occurred before the effective date of the amendment. *State v. Molia*, 12 Wn. App. 2d 895, 899, 460 P.3d 1086 (2020). The amendments to RCW 7.90.020 affect the requirements for a petition for a sexual assault protection order. Thus, the "triggering event" is a judicial determination that the petition does or does not meet the statutory requirements. In this case, this event occurred before the statutory amendments became effective. Consequently, applying the amendments to Ms. Carstensen's petition would require retroactive application of the statutory amendments.

This is true even though her case was pending on appeal when the amendments became effective. In *State v. Jefferson*, 192 Wn.2d 225, 246, 429 P.3d 467 (2018), the Supreme Court considered whether a newly enacted GR 37 applied to cases pending on direct appeal. The Court recognized that the "triggering event" for the new rule was voir

8

dire. Since jury selection in that case had occurred before the rule's effective date, applying the new rule to cases pending on appeal would require retroactive application. *Id*. at 248-49. Athough Ms. Carstensen's appeal was pending when the statutory amendments became effective, the triggering event occurred before the effective date of the statutory amendment.

Statutory amendments generally apply proactively unless the legislature expresses otherwise. *Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 47, 785 P.2d 815 (1990). A statutory amendment can be applied retroactively if it is curative or remedial, even without language showing legislative intent. *Molia*, 12 Wn. App. 2d at 903-04. However, even a curative or remedial amendment will not be applied retroactively if it contravenes a judicial construction of the statute that is clarified or technically corrected because of separation of powers considerations. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 584, 146 P.3d 423 (2006). In this case, it is likely that the statutory amendments are both curative and remedial. But retroactive application of the statutory amendments to this case would contradict the controlling decision in *Roake* and violate the separation of powers doctrine. Consequently, we will apply the 2018 version of the statues as construed by *Roake*.

Applying the 2018 version of chapter 7.90 RCW, as interpreted by *Roake*, we consider whether the trial court erred in finding Ms. Carstensen's petition factually insufficient to prove a "reasonable fear of future dangerous acts." We review the trial

court's fact-finding and decision to grant or deny a sexual assault protection order for abuse of discretion. *Nelson v. Duvall*, 197 Wn. App. 441, 451, 387 P.3d 1158 (2017). "A decision is based on untenable grounds or for untenable reasons if the trial court applies the wrong legal standard or relies on unsupported facts." *Id.*

In this case, unlike in *Roake*, the trial court did not dismiss the petition on the pleadings but instead found that at the time Ms. Carstensen filed her petition, it was legally and factually sufficient and valid.

After finding the pleadings sufficient, the trial court then considered Mr. Ruiz's petition to reopen the temporary order and raise a meritorious *factual* defense to the temporary order. The trial court then considered declarations outside of the pleadings to hold that Mr. Ruiz had a meritorious defense because Ms. Carstensen had failed to *prove* a reasonable fear of future dangerous acts. By doing so, the trial court conflated sufficiency of the evidence with credibility of the evidence.

The *Roake* holding was limited:[3] "We hold that RCW 7.90.130(2)(e) provides the procedure and opportunity to contest the *sufficiency and validity* of the petition and temporary order, and that the trial court correctly held that Roake's petition was legally

---

[3] *Roake* is a plurality decision. The holding in Justice Johnson's lead opinion is narrower than Justice McCloud's concurring opinion and is considered the majority opinion for purposes of precedent. *Wright v. Terrell*, 162 Wn.2d 192, 195, 170 P.3d 570 (2007).

10

insufficient under RCW 7.90.020(1)." *Roake*, 189 Wn.2d at 777 (emphasis added). The

majority went on to hold that when "a respondent brings a challenge to the sufficiency of

the initial petition, either under RCW 7.90.130 or by way of a motion to dismiss as filed

here, *a trial court resolves that claim on the pleadings*." *Roake*, 189 Wn.2d at 784

(emphasis added).

Thus, under *Roake*, sufficiency and validity are determined on the pleadings. But

when a respondent disputes a factual claim made in the petition, the court must hold a

fact finding hearing and resolve the issue based on testimony or evidence submitted. *Id*.

In this case, Mr. Ruiz disputed Ms. Carstensen's factual claim of future dangerous acts.

Instead of holding a fact finding hearing and taking evidence, the trial court considered

declarations beyond the pleadings to determine credibility not sufficiency. This

procedure is not authorized by RCW 7.90.130(2)(e) or *Roake*.

By considering Mr. Ruiz's declarations, the trial court essentially converted a

motion on the pleadings to a motion for summary judgment. CR 12(c);[4] *Mueller v.

Miller*, 82 Wn. App. 236, 246, 917 P.2d 604 (1996). Even assuming that RCW

---

[4] CR 12(c): "**Motion for Judgment on the Pleadings**. After the pleadings are
closed but within such time as not to delay the trial, any party may move for judgment on
the pleadings. If, on a motion for judgment on the pleadings, matters outside the
pleadings are presented to and not excluded by the court, the motion shall be treated as
one for summary judgment and disposed of as provided in rule 56, and all parties shall be
given reasonable opportunity to present all material made pertinent to such a motion by
rule 56."

11

7.90.130(2)(e) authorizes a summary judgment motion, the court is still required to view the facts in a light most favorable to the nonmoving party. *Id.* Arguable, the standard of our review of a trial court's decision on the pleadings or on summary judgment is de novo. *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012).

Ms. Carstensen alleged that she frequently encountered Mr. Ruiz when she left her home. She also alleged that Mr. Ruiz's contacts were intentional and pretextual. While Mr. Ruiz denied these allegations, the court was required to accept Ms. Carstensen's version of events if it was going to decide Mr. Ruiz's motion under RCW 7.90.130(2)(e). Instead, the trial court accepted Mr. Ruiz's explanation. Viewing the evidence in a light most favorable to Ms. Carstensen, her petition is sufficient and valid.

Mr. Ruiz raised a factual defense to the claims made in Ms. Carstensen's petition. If the petition and temporary order are sufficient and valid, the trial court should move forward with a full hearing on the final order.[5] RCW 7.90.050. In failing to do so, the trial court abused its discretion.

---

[5] We recognize that the trial court gave Ms. Carstensen a chance to testify during the hearing. But having a full fact-finding hearing is different from giving a petitioner an opportunity to testify. A full hearing would allow the petitioner to examine the respondent under oath and develop relevant issues such as credibility and bias.

No. 36560-3-III
*Carstensen v. Ruiz*

CONCLUSION

We reverse the trial court's order dismissing Ms. Carstensen's petition and remand for a hearing on the final order. Upon remand, the amended procedures in RCW 7.90.020 will apply to determine if the final order should be granted.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

I CONCUR:

_____
Fearing, J.

RESULT ONLY:

_____
Siddoway, A.C.J.

13